**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:26-CV-10877-AK |
| UNITED STATES DEPARTMENT OF THE INTERIOR et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

**ANGEL KELLEY, D.J.**

On June 15, 2026, Defendants Department of the Interior, Doug Burgum in his official capacity as Secretary of the Interior, National Park Service ("NPS"), and Jessica Bowron in her official capacity as Director of the Department of the Interior (collectively, "Defendants") filed an Emergency Motion for Stay Pending Appeal, requesting that the Court stay its June 12, 2026, Order granting Plaintiffs' Motion for Stay Pursuant to 5 U.S.C. § 705 or, in the alternative, a Preliminary Injunction ("Order for Stay"). [Dkt. 44]. Defendants request that the Court issue a ruling on the Motion by close of business on June 17, 2026.

At this juncture, the Court requires additional information to adequately assess Defendants' assertions, particularly regarding irreparable harm. Defendants contend that the Order for Stay "presents severe logistical difficulties and monetary costs by requiring the government to comply in full within 21 days" and "imposes a herculean and unmanageable task on NPS that will irreparably harm it and its programming in many practical ways." The present

record, however, does not provide sufficient information for the Court to evaluate the nature, extent, imminence, or likelihood of the alleged harm, as the Court does not yet have details about the total number of materials removed, how many items have been destroyed and need to be re-fabricated, or where removed items are currently located or stored.  Additional information concerning the removed materials is therefore necessary to permit meaningful review of Defendants' claim that irreparable injury will result absent the requested relief.

Accordingly, Defendants are **DIRECTED** to file by **noon (12:00 PM) EST** on **June 17, 2026**:

1.    An inventory of each item removed, including (1) the reason(s) for removal; (2) the item's medium (i.e., poster, paper, film, etc.); (3) the item's current location, and if it has been moved or is in storage; (4) the item's condition, including if the item has been damaged or destroyed; and (5) if the item has been destroyed, the expected process necessary for re-fabrication, such as reprinting as opposed to requiring an outside vendor.

2.    What actions, if any, Defendants have taken to-date to comply with the Court's June 12, 2026, Order.  This deadline aligns with the directive in the Court's Order for Stay that Defendants provide an initial status report within five calendar days.

Defendants' Motion is otherwise **TAKEN UNDER ADVISEMENT** pending receipt of the requested information.

**SO ORDERED.**

Dated: June 16, 2026                                    /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge

2