**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

NATIONAL PARKS CONSERVATION
ASSOCIATION; AMERICAN ASSOCIATION FOR
STATE AND LOCAL HISTORY; ASSOCIATION
OF NATIONAL PARK RANGERS; COALITION
TO PROTECT AMERICA'S NATIONAL PARKS;
SOCIETY FOR EXPERIENTIAL GRAPHIC
DESIGN; UNION OF CONCERNED SCIENTISTS,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF THE INTERIOR; DOUG
BURGUM, in his official capacity as Secretary of the
Interior; NATIONAL PARK SERVICE; JESSICA
BOWRON, in her official capacity as the Official
Exercising the Delegated Authority of the Director,

*Defendants*.

Civil Action No. 1:26-cv-10877-AK

## DEFENDANTS' CONSOLIDATED STATUS REPORT AND INVENTORY OF ITEMS REMOVED

On June 12, 2026 the Court issued its Memorandum and Order on Plaintiffs' Motion for

5 U.S.C. § 705 Stay or, in the Alternative, Preliminary Injunction ("Injunction Order"). (Doc.

No. 41). Among other things, the Injunction Order requires Defendants: (1) within 21 days, to

(1) "restore and reinstall all interpretive materials at park sites managed by the NPS [National

Park Service] that, pursuant to" the Secretary of the Interior's Order 3431, "Restoring Truth and

Sanity to American History," "have been altered, removed, or damaged in the process of such

removal since May 20, 2025," when the Secretary issued the order; and (2) within 5 calendar

days and every 7 days thereafter until otherwise ordered by the Court, to file status reports

1

"describing all steps they have taken to comply with the Court's Order, including a list of all interpretive materials that have been restored to their prior state as of May 19, 2025." (Doc. No. 41) at 62-63.

On June 16, 2026, Defendants noticed an appeal of the Injunction Order (Doc. No. 43) and filed an expedited motion for a stay of the Injunction Order pending appeal, with a request for a ruling on the stay motion by 5:00 P.M. on Wednesday, June 17, 2026. (Doc. No. 44). The memorandum in support of the stay motion and its supporting declaration stated that some of the removed interpretive materials at issue "may have been disposed of, thus requiring re-fabrication and reprinting, in some cases by outside vendors or the Government Printing Office, and subsequent distribution to individual park units" before they could be reinstalled and distributed. (Doc. No. 44-1) at 12; *see also* (Doc. No. 44-2) at ¶¶ 7-18. Where re-fabrication or reprinting is required, the Government's stated that the time it will take to reinstall the materials "is likely to extend well beyond 21 days." (Doc. 44-1) at 12. In light of these and other difficulties, the Government contended that the Injunction Order "presents severe logistical difficulties and monetary costs by requiring the government to comply in full within 21 days." *Id*.

On June 17, 2026, the Court issued a Memorandum and Order on Defendants' Emergency Motion for Stay Pending Appeal ("June 17 Order"). (Doc. No. 47). The June 17 Order stated that the present record "does not provide sufficient information for the Court to evaluate the nature, extent, imminence, or likelihood of the alleged harm, as the Court does not yet have details about the total number of materials removed, how many items have been destroyed and need to be refabricated, or where removed items are currently located or stored." (Doc. No. 47) at 1-2. The June 17 Order concluded that "[a]dditional information concerning the removed materials is therefore necessary to permit meaningful review of Defendants' claim that

irreparable injury will result absent the requested relief." *Id.* at 2. The Court therefore ordered

Defendants to file by noon (12:00 PM) EST on June 17, 2026:

1. An inventory of each item removed, including (1) the reason(s) for removal; (2) the item's medium (i.e., poster, paper, film, etc.); (3) the item's current location, and if it has been moved or is in storage; (4) the item's condition, including if the item has been damaged or destroyed; and (5) if the item has been destroyed, the expected process necessary for re-fabrication, such as reprinting as opposed to requiring an outside vendor.

2. What actions, if any, Defendants have taken to-date to comply with the Court's June 12, 2026, Order. This deadline aligns with the directive in the Court's Order for Stay that Defendants provide an initial status report within five calendar days.

*Id.*

In accordance with the Injunction Order and the June 17 Order, Defendants hereby submit the attached Declaration of Joyce Beasley, Associate Director for Cultural Resources, Partnerships, and Science, and Acting Associate Director for Natural Resource Stewardship and Science ("Declaration") and accompanying spreadsheet. The Declaration describes the steps NPS has taken to comply with the 21-day deadline in the Injunction Order. The spreadsheet attached to the Declaration provides an inventory of the information ordered by the Court in the June 17 Order, based on the best information presently available to NPS. This information in the spreadsheet includes columns for information that remains to be determined ("TBD") for the reasons described in the Declaration, including the lack of reported information from the relevant park unit within the short time available for this filing. The Declaration further describes the diligent and good faith efforts NPS will continue to make to gather additional information so long as the Injunction Order remains in effect.

3

Dated:  June 17, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General


*/s/ Romney Philpott*
Romney Philpott
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on June 17, 2026.

*/s/ Romney S. Philpott*