**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

NATIONAL PARKS CONSERVATION
ASSOCIATION; AMERICAN ASSOCIATION FOR
STATE AND LOCAL HISTORY; ASSOCIATION
OF NATIONAL PARK RANGERS; COALITION
TO PROTECT AMERICA'S NATIONAL PARKS;
SOCIETY FOR EXPERIENTIAL GRAPHIC
DESIGN; UNION OF CONCERNED SCIENTISTS,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF THE INTERIOR; DOUG
BURGUM, in his official capacity as Secretary of the
Interior; NATIONAL PARK SERVICE; JESSICA
BOWRON, in her official capacity as the Official
Exercising the Delegated Authority of the Director,

*Defendants*.

Civil Action No. 1:26-cv-10877-AK

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the U.S. Department of the

Interior ("DOI"), Doug Burgum, in his official capacity as Secretary of the Interior, the National

Park Service ("NPS"), and Jessica Bowron, in her official capacity as the Comptroller Exercising

the Delegated Authority of the Director of the NPS (collectively, "Defendants") hereby respond

to the allegations in Plaintiff's Amended Complaint for Declaratory and Injunctive Relief (Doc.

No. 28). The responses below correspond to the numbered paragraphs in Plaintiff's Amended

Complaint. Any allegations not expressly admitted, denied, or qualified are denied.

1. The allegations in Paragraph 1, including Footnotes 1 and 2, characterize and

purport to quote the National Park Service ("NPS") Organic and Centennial Acts, which speak for

themselves and are the best evidence of their contents. The remaining allegations in Paragraph 1

1

are legal conclusions to which no response is required. To the extent a response is required, or to the extent any allegations are inconsistent with the Organic and Centennial Acts, Defendants deny the allegations.

2.      Defendants admit that the NPS and the DOI have administered a process to review NPS interpretive materials for conformance with Secretary's Order ("SO") 3431 and provide corrective actions to individual NPS units for non-conforming materials between May 20, 2025, and June 12, 2026. This process paused from late September through early December 2025 because of a lapse in appropriations. As part of that process, the NPS removed interpretive materials at Independence National Historical Park in Philadelphia, Pennsylvania, and at Fort Sumter and Fort Moultrie National Historical Park in South Carolina. The NPS has also revised, replaced, or removed interpretive materials at other NPS units. The allegations in Paragraph 2 purport to characterize the nature of these activities, and Defendants deny those characterizations and the remaining allegations in Paragraph 2.

3.      The allegations in Paragraph 3 are vague and ambiguous as to their meaning, authority, and sources, and Defendants deny the allegations on that basis. As to the statement attributed to President Theodore Roosevelt, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4 and deny it on that basis.

5.      The allegations in Paragraph 5, including Footnotes 3 through 6, characterize and purport to quote the NPS Organic and Centennial Acts, which speak for themselves and are the best evidence of their contents. The remaining allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, or to the extent any allegations are inconsistent with the Organic and Centennial Acts, Defendants deny the allegations.

2

6.      The allegations in Paragraph 6, including Footnotes 7 and 8, characterize and purport to quote Executive Order ("EO") 14253 and SO 3431, which speak for themselves and are the best evidence of their contents. To the extent any allegations are inconsistent with EO 14253 and SO 3431, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that the NPS and the DOI have administered a process to review NPS interpretive materials for conformance with SO  3431 and provide corrective actions to individual NPS units for non-conforming materials between May 20, 2025, and June 12, 2026. This process paused between September and December 2025 because of a lapse in appropriations. As part of that process, the NPS removed some interpretive materials at Acadia National Park in Maine. The NPS has also revised, replaced, or removed interpretive materials at other NPS units. The allegations in Paragraph 7 purport to characterize the nature of these activities, and Defendants deny those characterizations and the remaining allegations in Paragraph 7. The allegations in Paragraph 7, including footnotes 9 and 10, also reference materials on the websites of the Wabanaki Alliance and the NPS, which speak for themselves and are the best evidence of their contents. To the extent any allegations are inconsistent with the content available on these websites, Defendants deny those allegations as well.

8.      Defendants deny the allegations in Paragraph 8. The allegations in Paragraph 8 through Footnote 11 reference content on an NPS website and the Organic Act, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the content available at the NPS website and the Organic Act, Defendants deny those allegations as well.

9.      Defendants deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 consist of a description of Plaintiffs, an allegation

3

of injury, and a summary of Plaintiffs' prayers for relief. As to the allegation describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegation of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny this allegation. As to the summary of Plaintiffs' prayers for relief, no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

11.    The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12.    The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13.    The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 19 and deny them on that basis.

20.    Defendants admit that the DOI is an executive department of the United States government, headquartered in Washington, D.C. The remaining allegations in Paragraph 20 are legal conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

21.    Defendants admit that the NPS is a bureau of the DOI, headquartered in Washington, D.C. The remaining allegations in Paragraph 21 are legal conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

22.    Defendants admit that Doug Burgum is the Secretary of the Interior. The remaining allegations in Paragraph 22 are legal conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

23.    Defendants admit that Jessica Bowron is the Comptroller of the NPS, exercising the delegated authority of the Director of the NPS. The remaining allegations in Paragraph 23 are legal conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

24.    The allegations in Paragraph 24 characterize and purport to quote the implementing act for Yellowstone National Park, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the act, Defendants deny the allegations.

25.    Defendants admit that the National Park System is organized into units, which include national parks and other designations. These units are generally designated by Congress through implementing acts or by the President via proclamation pursuant to the Antiquities Act of 1906. Defendants deny the remaining allegations in Paragraph 25.

26.    Defendants deny the allegations in Paragraph 26, except to admit that NPS units generally have their own "foundation documents" that are intended to address the five key

questions described in Paragraph 26. The allegations in Paragraph 26, including footnote 12, characterize and purport to quote content from a NPS website, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content available at the cited NPS website, Defendants deny those allegations.

27.     The allegations in Paragraph 27, including footnote 13, characterize and purport to quote the amended and recodified Organic Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Organic Act, as amended and recodified, Defendants deny the allegations.

28.     The allegations in Paragraph 28 characterize and purport to quote the amended and recodified Historic Sites Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Historic Sites Act, as amended and recodified, Defendants deny the allegations.

29.     The allegations in Paragraph 29 characterize and purport to quote the amended and recodified NPS General Authorities Act of 1970, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the General Authorities Act, as amended and recodified, Defendants deny the allegations.

30.     The allegations in Paragraph 30 characterize and purport to quote an amendment to the Organic Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with this amendment, commonly referred to as the "Redwood Amendment," as amended and recodified, Defendants deny the allegations.

31.     The allegations in Paragraph 31 characterize and purport to quote the amended and recodified NPS Omnibus Management Act of 1998, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Omnibus Management Act, as amended and recodified, Defendants deny the allegations.

6

32. The allegations in Paragraph 32 characterize and purport to quote the NPS Centennial Act of 2016, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Centennial Act, Defendants deny the allegations.

33. The allegations in Paragraph 33 also characterize and purport to quote the Centennial Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Centennial Act, Defendants deny the allegations.

34. The allegations in Paragraph 34, including footnote 14, characterize and purport to quote a document known as the NPS Management Policies (2006), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Management Policies, Defendants deny the allegations.

35. The allegations in Paragraph 35, including footnote 15, characterize and purport to quote a document known as Director's Order #6, *Interpretation and Education*, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Director's Order #6, Defendants deny the allegations.

36. The allegations in Paragraph 36 characterize and purport to quote a document known as Director's Order #6, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Director's Order #6, Defendants deny the allegations.

37. The allegations in Paragraph 37 consist of a statement regarding non-NPS entities and a characterization of the NPS Management Policies. As to the statement regarding non-NPS entities, these allegations are vague and ambiguous as to their meaning and source, and Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations; thus, Defendants deny these allegations on that basis. The remaining allegations in Paragraph 37 characterize and purport to quote the NPS Management Policies, which speaks for itself and is the

7

best evidence of its contents. To the extent the allegations are inconsistent with the NPS Management Policies, Defendants deny the allegations.

38.     The allegations in Paragraph 38, including footnote 16, characterize and purport to quote content that generally describes the NPS and its mission on a NPS website, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content available at the cited NPS website, Defendants deny those allegations.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and deny them on that basis, but Defendants admit that national parks are frequently referred to as "America's largest classroom."

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and deny them on that basis.

41.     Defendants deny the allegations in Paragraph 41, including footnote 17, as vague and ambiguous, particularly with respect to the relevant time period to which the allegations refer. To the extent a further response is required, Defendants deny the allegation, except to admit that the NPS's goal for its interpretive and educational programs is to provide memorable and meaningful learning and recreational experiences, foster development of a personal stewardship ethic, and broaden public support for preserving park resources, as described in Director's Order #6.

42.     The allegations in Paragraph 42, including footnotes 18 and 19, characterize and purport to quote content from two NPS websites, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the content available at the cited NPS websites, Defendants deny those allegations.

43.     Defendants deny the allegations in Paragraph 43, except to admit that the NPS has policies and standard practices for developing its interpretive materials in a professional manner.

Regarding the allegations of membership for Plaintiff Society for Experiential Graphic Design and the relevance of any particular development process to any entity other than the NPS, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and deny them on that basis.

44. Defendants admit the allegations in Paragraph 44 but note that the Harpers Ferry Center offers services to all NPS units regardless of designation.

45. The allegations in Paragraph 45, including footnote 20, contain a characterization of NPS practices and reference a NPS website. As to the characterization of NPS practices, Defendants deny these allegations, except to admit that the NPS uses a broad program of the highest quality interpretation and education and that the NPS's interpretive materials generally reflect up-to-date information and research. As to the reference to a NPS website, the source speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content available at the cited NPS website, Defendants deny those allegations.

46. The allegations in Paragraph 46, including the citation and example in footnote 21, are vague and ambiguous as to their meaning, authority, and sources; the quoted language appears taken out of context and strung together for new meaning; and Defendants deny the allegations on that basis.

47. The allegations in Paragraph 47, including the citation and examples in footnotes 22 and 23, are vague and ambiguous as to their meaning, authority, and sources; the quoted language appears taken out of context and strung together for new meaning; and Defendants deny the allegations on that basis.

48. The allegations in Paragraph 48 characterize and purport to quote EO 14253, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with EO 14253, Defendants deny those allegations.

9

49.     The allegations in Paragraph 49 characterize and purport to quote EO 14253, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with EO 14253, Defendants deny those allegations.

50.     The allegations in Paragraph 50 characterize and purport to quote EO 14253, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with EO 14253, Defendants deny those allegations.

51.     The allegations in Paragraph 51, including footnote 24, characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

52.     The allegations in Paragraph 52 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

53.     The allegations in Paragraph 53 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

54.     The allegations in Paragraph 54 characterize SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

55.     The allegations in Paragraph 55 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

56.     The allegations in Paragraph 56 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

57.     The allegations in Paragraph 57 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

58.     The allegations in Paragraph 58 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

59.     The allegations in Paragraph 59 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

60.     The allegations in Paragraph 60 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

61.     The allegations in Paragraph 61 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with SO 3431, Defendants deny those allegations.

62.     Defendants deny the allegations in Paragraph 62, except to admit that the NPS provided its staff at all NPS units with a template sign, which incorporated a QR code and the following statement: "Posted by order of the Secretary of the Interior in support of Executive Order (EO) 14253, titled "Restoring Truth and Sanity to American History." Defendants further admit that the NPS instructed staff at all NPS units to post signage to encourage public feedback via QR code or other viable means by June 13, 2025.

63.     Defendants deny the allegations in Paragraph 63, except to admit that the NPS posted signs in NPS units, some of which appeared substantially similar to the sign in the image provided in Paragraph 63. The NPS template contained standard language and QR codes. The

11

allegations in Paragraph 63, including footnote 25, incorporate an image of a sign as sourced from a news article. Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

64.    Defendants deny the allegations in Paragraph 64, except to admit that the NPS did not publish a notice in the Federal Register or solicit input specific to any information collection under SO 3431, and to admit that the template sign provided to NPS staff did not display an Office of Management and Budget control number.

65.    Defendants deny the allegations in Paragraph 65, except to admit that NPS leadership instructed staff at all NPS units to review all public-facing content by July 18, 2025 for images, descriptions, depictions, messages, narratives or other information (content) that, without right reason, inappropriately disparages Americans past or living (including persons living in colonial times), or, with respect to content describing natural features, that emphasizes matters unrelated to the beauty, abundance, or grandeur of said natural feature.

66.    Defendants deny the allegations in Paragraph 66, except to admit that the NPS began documenting comments received in relation to SO 3431 in June 2025.

67.    The allegations in Paragraph 67, including footnote 26, characterize public comments received by the NPS and characterize and purport to quote the analysis of a news article on the topic of those comments. The comments and that article speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with these sources, Defendants deny those allegations.

68.    The allegations in Paragraph 68, including footnote 27, characterize and purport to quote a web post by the Sierra Club regarding responsive documents to a request under the Freedom of Information Act. The responsive documents and that web post speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with these

sources, Defendants deny those allegations.

69.    Defendants deny the allegations in Paragraph 69, except to admit that assistance was offered to NPS staff in responding to inquiries regarding implementation of SO 3431.

70.    Defendants deny the allegations in Paragraph 70, except to admit that in order to implement SO 3431, the NPS deployed a system for staff at NPS units to report materials for review by NPS leadership and the DOI for conformance with SO 3431.

71.    Defendants deny the allegations in Paragraph 71, except to admit that NPS leadership instructed staff at all NPS units to review all public-facing content by July 18, 2025, for compliance with SO 3431 in order to implement EO 14253 and SO 3431.

72.    Defendants deny the allegations in Paragraph 72, except to admit that NPS leadership instructed staff at all NPS units to review all public-facing content by July 18, 2025, and submit potential non-conforming interpretive materials for review by NPS leadership and the DOI. NPS leadership confirmed that retail items available in parks were also subject to this review process. The allegations in the second sentence of Paragraph 72, including footnote 28, characterize an internal NPS memo regarding compliance with Executive Orders 14151 and 14168, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that memo, Defendants deny those allegations.

73.    The allegations in Paragraph 73, including footnotes 29 and 30, characterize and purport to quote multiple news articles regarding the release of an NPS document containing interpretive materials flagged by staff at NPS units for review. These articles and the document they describe speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with these sources, Defendants deny those allegations, and Defendants further deny Plaintiffs' characterization of the NPS document as a "database of interpretive materials that have been flagged by park staff implementing the Secretary's Order." Defendants

13

admit that approximately five hundred (500) submissions of interpretive materials were received for review.

74. The allegations in Paragraph 74 characterize an NPS document, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that document, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 74.

75. The allegations in Paragraph 75 are vague and ambiguous as to their meaning, and Defendants deny the allegations on that basis.

76. Defendants deny the allegations in Paragraph 76, except to admit that NPS leadership communicated identifications of non-conformance for certain submissions of interpretive materials between August and September 2025. These communications instructed staff at impacted NPS units to develop replacement interpretive materials consistent with EO 14253 and SO 3431 and to submit them for review within 14 days.

77. Defendants deny the allegations in Paragraph 77, except to admit that impacted NPS units were instructed to develop replacement interpretive materials consistent with EO 14253 and SO 3431 for those existing materials determined to be non-conforming. The deadlines for submitting proposed replacement materials were case-by-case and thus fell at various times throughout late 2025 and early 2026.

78. The allegations in Paragraph 78 characterize a general understanding of a large group of individuals, are vague and ambiguous as to their meaning, and are thus denied on that basis. Moreover, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and further deny them on that basis.

79. The allegations in Paragraph 79 are vague and ambiguous as to their meaning, and the Defendants deny these allegations on that basis.

80.     Defendants deny the allegations in Paragraph 80, except to admit that NPS units were required to submit "No items reported" if their review did not result in any potential non-conforming interpretive materials and that the NPS coordinated oversight activities to verify the findings at some of these NPS units and ensure that their reviews were managed effectively.

81.     Defendants deny the allegations in Paragraph 81, except to admit that NPS staff were offered assistance in responding to inquiries regarding implementation of SO 3431 during the month of January 2026. The allegations in Paragraph 81 characterize and purport to quote an alleged email, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the alleged email, Defendants deny those allegations.

82.     Defendants deny the allegations in Paragraph 82, except to admit that NPS staff were informed in February 2026 to submit new interpretive materials for review to ensure conformance with SO 3431.

83.     Defendants deny the allegations in Paragraph 83, except to admit that, as of March 13, 2026, NPS leadership had identified approximately three hundred (300) instances of non-conforming interpretive materials and directed staff at impacted NPS units to submit potential revisions or replacement materials for further review.

84.     The allegations in Paragraph 84 are vague and ambiguous as to their meaning, and Defendants deny these allegations on that basis.

85.     Defendants deny the allegations in Paragraph 85, except to admit that some interpretive materials were removed from Acadia National Park in Maine as part of implementation of SO 3431, but, Paragraph 85, including footnote 31, describes a broader set of interpretive materials, some of which were not removed pursuant to SO 3431.

86.     Defendants deny the allegations in Paragraph 86, except to admit that the NPS revised an interpretive exhibit titled "History Under Construction" for non-conformance with SO

15

3431 at Muir Woods National Monument, which is within the boundary of Golden Gate National Recreation Area in California. The allegations in Paragraph 86, including footnote 32, purport to describe the exhibit and source an image of the exhibit from a University of Minnesota website. The exhibit speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content of the exhibit, Defendants deny those allegations. Regarding the purported image of the exhibit sourced online in footnote 32, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

87.    Defendants deny the allegations in Paragraph 87, except to admit that the NPS removed an interpretive exhibit for non-conformance with SO 3431 from Jamaica Bay Wildlife Refuge, which is within the boundaries of Gateway National Recreation Area in New York. The allegations in Paragraph 87, including footnote 33, characterize and purport to quote the interpretive exhibit that was removed from Jamaica Bay Wildlife Refuge for nonconformance with SO 3431 and source an image of the exhibit from a University of Minnesota website. The former exhibit speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content of the former exhibit, Defendants deny those allegations. Regarding the purported image of the exhibit sourced online in footnote 33, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

88.    Defendants deny the allegations in Paragraph 88, except to admit that the NPS removed an interpretive exhibit for non-conformance with SO 3431 at Rock Creek Park in Washington, D.C. The allegations in Paragraph 88, including footnote 34, purport to describe the exhibit that was removed from Rock Creek Park and source an image of the exhibit from a news article. The former exhibit speaks for itself and is the best evidence of its contents. To the extent

16

any allegation is inconsistent with the content of the former exhibit, Defendants deny those allegations. Regarding the purported image of the exhibit sourced from the news article in footnote 34, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

89.    Defendants deny the allegations in Paragraph 89, except to admit that the NPS and the DOI have administered a process to review NPS interpretive materials for conformance with Secretary's Order (SO) 3431 and provide corrective actions to individual NPS units for non-conforming materials between May 20, 2025, and June 12, 2026, which process was paused during the 2025 lapse in government appropriations, and resumed when appropriations were restored.

90.    Defendants deny the allegations in Paragraph 90, except to admit that the NPS removed interpretive materials on the topic of slavery and enslaved individuals at Independence National Historical Park in Philadelphia, Pennsylvania. The allegations in Paragraph 90, including footnotes 35 through 37, characterize and purport to quote the interpretive materials removed from Independence National Historical Park with a description of the materials from a NPS website and two sourced images from news articles on the topic. The interpretive materials and the content of the NPS website in footnote 37 speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the content of the materials or the website, Defendants deny those allegations. Regarding the purported images of the exhibits sourced from the news articles in footnote 35 and 36, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

91.    Defendants deny the allegations in Paragraph 91, except to admit that the NPS removed interpretive materials from Fort Sumter and Fort Moultrie National Historical Park in Charleston, South Carolina The allegations in Paragraph 91, including footnotes 38 and 39,

17

characterize and purport to quote the interpretive materials that were removed from Fort Sumter and Fort Moultrie National Historical Park and source two images from a news article on the topic and a website. The interpretive materials speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the content of those materials, Defendants deny those allegations. Regarding the purported images of the exhibits sourced from the news articles in footnote 38 and 39, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

92.     Defendants deny the allegations in Paragraph 92, except to admit that staff at Lowell National Historical Park have ceased showing two visitor films at the park.

93.     The allegations in Paragraph 93 are vague and ambiguous as to their meaning, and Defendants deny these allegations on that basis, except that Defendants admit that NPS staff at Glacier National Park in Montana ceased showing a visitor film and did not release a series of podcast episodes. The allegations in Paragraph 93 characterize interpretive materials allegedly removed from Glacier National Park and a description of their development from a comment submitted by staff at the NPS unit. The interpretive materials and the written comment speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the content of the exhibits or the written comment, Defendants deny those allegations.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95, except to admit that interpretive materials describing basalt bubbles at Sunset Crater Volcano National Monument in Arizona have been revised.

96.     Defendants deny the allegations in Paragraph 96, except to admit that interpretive materials related to Gustavus Cheney Doane were removed from Grand Teton National Park in

18

Wyoming. The allegations in Paragraph 96 purport to characterize the interpretive materials that were removed from Grand Teton National Park, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the content of those materials, Defendants deny those allegations.

97.     Defendants deny the allegations in Paragraph 97, except to admit that the NPS and the DOI have administered a process to review NPS interpretive materials for conformance with SO 3431 and provide corrective actions to individual NPS units for non-conforming materials between May 20, 2025, and June 12, 2026, which process was paused during the 2025 lapse in government appropriations, and resumed when appropriations were restored.

98.     Defendants deny the allegations in Paragraph 98, except to admit that staff at Fort Pulaski submitted interpretive materials containing a reproduction of the 1863 image known as "The Scourged Back," which depicts Peter Gordon, an enslaved man in Louisiana with scars covering his back. The allegations in Paragraph 98 source an image of "The Scourged Back" from a National Gallery of Art website, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content at that website, Defendants deny those allegations.

99.     The allegations in Paragraph 99 consist of a broad characterization and a series of examples of interpretive materials submitted for review. Unless explicitly admitted below, Defendants deny the allegations in Paragraph 99. Defendants respond as follows:

- As to the first sentence's broad characterization, Defendants deny the allegations in this sentence, except to admit that some interpretive materials related to enslaved peoples or individuals have been submitted for review for conformance with SO 3431.

- As to the second sentence's example from Harper's Ferry National Historical Park in West Virginia, Defendants deny the allegations in this sentence, except to admit that

more than 30 submissions for interpretive materials from Harper's Ferry National Historical Park have been submitted for review for conformance with SO 3431.

- As to the third sentence's example from Old Bent's Fort National Historic Site in Colorado, Defendants deny the allegations in this sentence, except to admit that interpretive materials from Old Bent's Fort National Historic Site describing enslaved individuals have been submitted for review for conformance with SO 3431.

- As to the fourth and fifth sentences' example from Timucuan Ecological and Historic Preserve in Florida, Defendants deny the allegations in these sentences, except to admit that an exhibit entitled "Freedom Seekers of Timucuan Preserve" at the Kingsley Plantation has been submitted for review for conformance with SO 3431. The remaining allegations in these two sentences characterize the content of the exhibit, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the contents of the exhibit, Defendants deny those allegations.

- As to the sixth and seventh sentences' example, including footnote 41, from Virgin Islands National Park, Defendants deny the allegations in these sentences, except to admit that interpretive materials from Virgin Islands National Park related to a rebellion of enslaved peoples have been submitted for review for conformance with SO 3431. The remaining allegations in the sixth and seventh sentences, including footnote 41, characterize and purport to quote an Act of Congress, an NPS website, a news article, and a written comment submitted by staff at the NPS unit, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with the contents of those sources, Defendants deny those allegations.

- As to the eighth and ninth sentences' example from Cane River Creole National Historical Park, Defendants deny the allegations in these sentences, except to admit that

20

interpretive materials from Cane River Creole National Historical Park describing the lives of enslaved individuals have been submitted for review for conformance with SO 3431. The remaining allegations in these two sentences characterize and purport to quote the content of those materials and a written comment submitted by staff at the NPS unit, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with these sources, Defendants deny those allegations.

- As to the tenth sentence's example, including footnote 42, from Manassas National Battlefield Park, Defendants deny the allegations in this sentence, except to admit that interpretive materials from Manassas National Battlefield Park describing the "Lost Cause" ideology have been submitted for review for conformance with SO 3431. Regarding the news article in footnote 42, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

100.    The allegations in Paragraph 100 consist of a broad characterization and a series of examples of interpretive materials submitted for review. Unless explicitly admitted below, Defendants deny the allegations in Paragraph 100. Defendants respond as follows:

- As to the first sentence's broad characterization, Defendants deny the allegations in this sentence, except to admit that some interpretive materials related to the civil rights movement have been submitted for review for conformance with SO 3431.

- As to the second and third sentences' example from Emmett Till and Mamie Till-Mobley National Monument in Mississippi and Illinois, Defendants deny the allegations in these sentences, except to admit that interpretive materials describing aspects of the lives of Emmet Till and Mamie Till-Mobley have been submitted for review for conformance with SO 3431. The remaining allegations in these two sentences characterize and purport

to quote the content of those materials and a written comment submitted by staff at the NPS unit, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with these sources, Defendants deny those allegations.

- As to the fourth sentence's example, including footnote 43, from Selma to Montgomery National Historic Trail in Alabama, Defendants deny the allegations in this sentence, except to admit that approximately 64 items have been submitted from Selma to Montgomery National Historic Trail for review for conformance with SO 3431. Regarding the news article in footnote 43, Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

- As to the fifth sentence's example from Brown v. Board of Education National Historical Park in Kansas, Defendants deny the allegations in this sentence, except to admit that an exhibit from Brown v. Board of Education National Historical Park has been submitted for review for conformance with SO 3431.

101.    The allegations in Paragraph 101 consist of a broad characterization and a series of examples of interpretive materials submitted for review. Unless explicitly admitted below, Defendants deny the allegations in Paragraph 101. Defendants respond as follows:

- As to the first sentence's broad characterization, Defendants deny the allegations in this sentence, except to admit that some interpretive materials related to indigenous groups have been submitted for review for conformance with SO 3431.

- As to the second sentence's various examples, Defendants deny the allegations in this sentence, except to admit that interpretive materials related to indigenous groups have been submitted for review for conformance with SO 3431 by staff at the following NPS

units: Sitka National Historical Park, Glacier National Park, Old Bent's Fort National Historic Site, and Little Bighorn Battlefield National Monument.

- As to the third and fourth sentences' examples from Castillo de San Marcos National Monument in Florida, Defendants deny the allegations in these sentences, except to admit that interpretive materials from Castillo de San Marcos National Monument related to indigenous groups have been submitted for review for conformance with SO 3431. The remaining allegations in these two sentences characterize and purport to quote a written comment submitted by staff at the NPS unit, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with this written comment, Defendants deny those allegations.

- As to the fifth sentence's example from Hubbell Trading Post National Historic Site in Arizona, Defendants deny the allegations in this sentence, except to admit that interpretive materials from Hubbell Trading Post National Historic Site related to an indigenous individual have been submitted for review for conformance with SO 3431.

- As to the sixth sentence's example from Fort Laramie National Historic Site in Wyoming, Defendants deny the allegations in this sentence, except to admit that interpretive materials from Fort Laramie National Historic Site related to indigenous groups have been submitted for review for conformance with SO 3431.

- As to the seventh and eighth sentences' example from Death Valley National Park in California, Defendants deny the allegations in these sentences, except to admit that interpretive materials from Death Valley National Park related to indigenous groups have been submitted for review for conformance with SO 3431. The remaining allegations in these sentences characterize and purport to quote the interpretive materials and the Timbisha Shoshone Homeland Act, which speak for themselves and are the best evidence

23

of their contents. To the extent any allegation is inconsistent with these sources, Defendants deny those allegations.

102.    The allegations in Paragraph 102 consist of a broad characterization and a series of examples of interpretive materials submitted for review. Unless explicitly admitted below, Defendants deny the allegations in Paragraph 102. Defendants respond as follows:

- As to the first sentence's broad characterization, Defendants deny the allegations in this sentence, except to admit that some interpretive materials containing scientific information have been submitted for review for conformance with SO 3431.

- As to the second sentence's examples from Great Smoky Mountains National Park and Cape Hatteras National Seashore, Defendants deny the allegations in this sentence, except to admit that interpretive materials from Great Smoky Mountains National Park and Cape Hatteras National Seashore have been submitted for review for conformance with SO 3431.

- As to the third and fourth sentence's example from Everglades National Park in Florida, Defendants deny the allegations in these sentences, except to admit that interpretive materials from Everglades National Park have been submitted for review for conformance with SO 3431. The remaining allegations in the fourth sentence characterize and purport to quote a written comment from staff at the NPS unit, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that written comment, Defendants deny those allegations.

- As to the fifth sentence's example from Organ Pipe Cactus National Monument in Arizona, Defendants deny the allegations in this sentence, except to admit that interpretive materials from Organ Pipe Cactus National Monument have been submitted for review for conformance with SO 3431.

103.    Defendants deny the allegations in Paragraph 103, except to admit that hundreds of submissions have been received for review for conformance with SO 3431. The allegations in footnote 44 and in the second sentence of Paragraph 103 characterize the contents of a NPS website and a document that lists interpretive materials submitted for review for conformance with SO 3431. These sources speak for themselves and are the best evidence of their contents. To the extent that any allegation is inconsistent with these sources, Defendants deny those allegations.

104.    The allegations in Paragraph 104 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 104 also reference assertions and incorporate an image sourced from a news article in footnote 45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the source on which these allegations are based and deny them on that basis.

105.    The allegations in Paragraph 105 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

106.    The allegations in Paragraph 106 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, including footnotes 46 and 47, and deny them on that basis.

108.    The allegations in Paragraph 108 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and deny them on that basis.

110.    The allegations in Paragraph 110 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111.    The allegations in Paragraph 111 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

112.    The allegations in Paragraph 112 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

113.    The allegations in Paragraph 113 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

114.    The allegations in Paragraph 114 consist of a description of Plaintiffs and

allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and deny them on that basis.

116.    The allegations in Paragraph 116 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and deny them on that basis.

118.    The allegations in Paragraph 118 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and deny them on that basis.

120.    The allegations in Paragraph 120 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations.

121.    The allegations in Paragraph 121 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, including footnote 48, and deny them on that basis.

123.    The allegations in Paragraph 123 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

124.    The allegations in Paragraph 124 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

125.    The allegations in Paragraph 125 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

126.    The allegations in Paragraph 126 consist of a description of Plaintiffs and

allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and deny them on that basis.

128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and deny them on that basis.

129. The allegations in Paragraph 129 consist of a description of Plaintiffs and allegations of injury to Plaintiffs. As to the allegations describing Plaintiffs, Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation and deny it on that basis. As to the allegations of injury, such allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

130. Defendants deny the allegations in Paragraph 130, except to admit that the NPS has previously collaborated with the Union of Concerned Scientists. The allegations in Paragraph 130 purport to describe that partnership, make legal conclusions, and characterize a report that speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the content of that report, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and deny them on that basis. Further, the allegations in Paragraph 130 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

131. Defendants incorporate by reference Paragraphs 1-130 in response to the corresponding Paragraphs of Plaintiff's Amended Complaint.

132.    The allegation in Paragraph 132 is a characterization of Plaintiffs' legal claims to which no response is required. To the extent a response is required, Defendants deny the allegation.

133.    The allegations in Paragraph 133 characterize and purport to quote the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the APA, Defendants deny those allegations.

134.    The allegations in Paragraph 134 are legal conclusions to which no response is required.

135.    The allegations in Paragraph 135 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

136.    The allegations in Paragraph 136 characterize and purport to quote legal decisions, which speak for themselves and are the best evidence of their contents. To the extent any allegation is inconsistent with those legal decisions, Defendants deny those allegations.

137.    The allegations in Paragraph 137 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

138.    The allegations in Paragraph 138 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

139.    The allegations in Paragraph 139 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

140.    The allegations in Paragraph 140 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

141.    The allegations in Paragraph 141 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

142.    The allegations in Paragraph 142 are legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the allegations.

143.    The allegations in Paragraph 143 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

144.    The allegations in Paragraph 144 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

145.    The allegations in Paragraph 145 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

146.    Defendants incorporate by reference Paragraphs 1-130 in response to the corresponding Paragraph of Plaintiffs' Amended Complaint.

147.    The allegation in Paragraph 147 is a characterization of Plaintiffs' legal claim to which no response is required. To the extent a response is required, Defendants deny the allegations.

148.    The allegations in Paragraph 148 characterize and purport to quote the APA, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the APA, Defendants deny those allegations.

149.    The allegations in Paragraph 149 quote a legal decision, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that legal decision, Defendants deny those allegations.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required.

151.    The allegations in Paragraph 151 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

152.    The allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

153.    The allegations in Paragraph 153 characterize and purport to quote the Centennial Act, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the Act, Defendants deny those allegations.

154.    The allegations in Paragraph 154 characterize and purport to quote the Centennial Act, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the Act, Defendants deny those allegations.

155.    The allegations in Paragraph 155 characterize and purport to quote the Centennial Act, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the Act, Defendants deny those allegations.

156.    The allegations in Paragraph 156 characterize and purport to quote the Centennial Act, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with the Act, Defendants deny those allegations.

157.    The allegations in Paragraph 157 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

158.    The allegations in Paragraph 158 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

159.    The allegations in Paragraph 159 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

160.    Defendants incorporate by reference Paragraphs 1-130 in response to the corresponding Paragraph of Plaintiffs' Amended Complaint.

161.    The allegation in Paragraph 161 is a characterization of Plaintiffs' legal claim to which no response is required. To the extent a response is required, Defendants deny the allegations.

162.    The allegations in Paragraph 162 characterize and purport to quote the APA, which

32

speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the APA, Defendants deny those allegations.

163. The allegations in Paragraph 163 quote a legal decision, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that legal decision, Defendants deny those allegations.

164. The allegations in Paragraph 164 are legal conclusions to which no response is required.

165. The allegations in Paragraph 165 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

166. The allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

167. The allegations in Paragraph 167 characterize and purport to quote the Organic Act, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the Act, Defendants deny those allegations.

168. The allegations in Paragraph 168 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the SO, Defendants deny those allegations.

169. The allegations in Paragraph 169 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the SO, Defendants deny those allegations.

170. The allegations in Paragraph 170 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

171. The allegations in Paragraph 171 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

172.    The allegations in Paragraph 172 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

173.    Defendants incorporate by reference Paragraphs 1-130 in response to the corresponding Paragraph of Plaintiffs' Amended Complaint.

174.    The allegations in Paragraph 174 are characterizations of Plaintiffs' legal claim to which no response is required. To the extent a response is required, Defendants deny the allegations.

175.    The allegations in Paragraph 175 characterize and purport to quote the APA, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the APA, Defendants deny those allegations.

176.    The allegations in Paragraph 176 quote a legal decision, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that legal decision, Defendants deny those allegations.

177.    The allegations in Paragraph 177 are legal conclusions to which no response is required.

178.    The allegations in Paragraph 178 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

179.    The allegations in Paragraph 179 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

180.    The allegations in Paragraph 180 characterize and purport to quote the NPS Omnibus Management Act, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the Act, Defendants deny those allegations.

181.    The allegations in Paragraph 181 characterize and purport to quote the NPS Omnibus Management Act, which speaks for itself and is the best evidence of its contents. To the

extent any allegations are inconsistent with the Act, Defendants deny those allegations.

182.    The allegations in Paragraph 182 consist of both factual allegations and legal conclusions. Defendants deny the factual allegations in Paragraph 182. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

183.    The allegations in Paragraph 183 consist of both factual allegations and legal conclusions. Defendants deny the factual allegations in Paragraph 183. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

184.    The allegations in Paragraph 184 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

185.    Defendants incorporate by reference Paragraphs 1-130 in response to the corresponding Paragraph of Plaintiffs' Amended Complaint.

186.    The allegations in Paragraph 186 are characterizations of Plaintiffs' legal claim to which no response is required. To the extent a response is required, Defendants deny the allegations.

187.    The allegations in Paragraph 187 characterize and purport to quote the APA, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the APA, Defendants deny those allegations.

188.    The allegations in Paragraph 188 quote a legal decision, which speaks for itself and is the best evidence of its contents. To the extent any allegation is inconsistent with that legal decision, Defendants deny those allegations.

189.    The allegations in Paragraph 189 are legal conclusions to which no response is required.

190.    The allegations in Paragraph 190 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

191.    The allegations in Paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

192.    The allegations in Paragraph 192 characterize and purport to quote the Federal Land Policy and Management Act of 1976 (FLPMA), which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with FLPMA, Defendants deny those allegations.

193.    The allegations in Paragraph 193 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the SO, Defendants deny those allegations.

194.    The allegations in Paragraph 194 characterize and purport to quote SO 3431, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the SO, Defendants deny those allegations.

195.    The allegations in Paragraph 195 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

196.    The allegations in Paragraph 196 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

197.    Defendants incorporate by reference Paragraphs 1-130 in response to the corresponding Paragraph of Plaintiffs' Amended Complaint.

198.    The allegations in Paragraph 198 are characterizations of Plaintiffs' legal claim to which no response is required. To the extent a response is required, Defendants deny the allegations.

199.    The allegations in Paragraph 199 characterize and purport to quote the APA, which

speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the APA, Defendants deny those allegations.

200.    The allegations in Paragraph 200 quote a legal decision, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with that legal decision, Defendants deny those allegations.

201.    The allegations in Paragraph 201 are legal conclusions to which no response is required.

202.    The allegations in Paragraph 202 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

203.    The allegations in Paragraph 203 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

204.    The allegations in Paragraph 204 characterize and purport to quote the Paperwork Reduction Act ("PRA") and its regulations, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the PRA or its regulations, Defendants deny those allegations.

205.    The allegations in Paragraph 205 characterize and purport to quote the PRA, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the PRA, Defendants deny those allegations.

206.    The allegations in Paragraph 206 characterize and purport to quote the PRA, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the PRA, Defendants deny those allegations.

207.    The allegations in Paragraph 207 characterize and purport to quote the PRA, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the PRA, Defendants deny those allegations.

37

208.    The allegations in Paragraph 208 characterize and purport to quote the PRA, which speaks for itself and is the best evidence of its contents. To the extent any allegations are inconsistent with the PRA, Defendants deny those allegations.

209.    The allegations in Paragraph 209 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

The remainder of the Amended Complaint constitutes Plaintiffs' prayers for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1.  Plaintiffs lack standing to bring their claims.

2.  Some or all of Plaintiffs' claims are unripe.

3.  The court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

4.  Some or all of Plaintiffs bring this action in an inappropriate venue.

5.  Some or all of Plaintiffs' claims fail to state a claim on which relief can be granted.

6.  Defendants' activities challenged under the APA do not constitute agency action.

7.  Defendants' activities challenged under the APA do not constitute final agency action.

8.  Defendants' activities challenged under the APA are committed to agency discretion.

9.  Defendants' activities are not arbitrary and capricious.

10. Defendants' activities are not contrary to law.

11. Some or all of Plaintiffs' claims are barred by sovereign immunity.

Date: June 25, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

*/s/ Romney Philpott*
Romney Philpott
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on June 25, 2026.

*/s/ Romney Philpott*
Romney Philpott
