# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL PARKS CONSERVATION
ASSOCIATION; AMERICAN ASSOCIATION FOR
STATE AND LOCAL HISTORY; ASSOCIATION
OF NATIONAL PARK RANGERS; COALITION
TO PROTECT AMERICA'S NATIONAL PARKS;
SOCIETY FOR EXPERIENTIAL GRAPHIC
DESIGN; UNION OF CONCERNED SCIENTISTS,

*Plaintiffs*,

v.

Civil Action No. 1:26-cv-10877

U.S. DEPARTMENT OF THE INTERIOR; DOUG
BURGUM, in his official capacity as Secretary of the
Interior; NATIONAL PARK SERVICE; JESSICA
BOWRON, in her official capacity as the Official
Exercising the Delegated Authority of the Director,

*Defendants*.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL DEADLINES

# Table of Contents

INTRODUCTION ............................................................................................................ 1

BACKGROUND............................................................................................................. 1

ARGUMENT ................................................................................................................. 2

CONCLUSION............................................................................................................... 4

i

**INTRODUCTION**

This Court should stay all deadlines until the First Circuit rules on the pending appeal of the Preliminary Injunction Order. Although the First Circuit based its stay of the Preliminary Injunction Order on Plaintiffs' failure to show irreparable harm, the First Circuit suggested in its stay opinion that it is likely to disagree with other of this Court's legal conclusions. (*See* Doc. No. 56.) The First Circuit's holding that Plaintiffs have failed to show irreparable harm casts doubt on whether Plaintiffs have standing at all. *Id.* at 4-6. And the First Circuit noted Defendants' "serious contentions that the plaintiffs are unlikely to prevail on their APA claims." *Id.* at 4. This Court will have to address Plaintiffs' standing, the merits of Plaintiffs' claims, and other issues the First Circuit is likely to address before this Court can render a final judgment. If the First Circuit concludes that Plaintiffs lack standing, then further proceedings would be unwarranted. Moreover, any analysis of the merits of Plaintiffs' claims by the First Circuit would provide important guidance to the Court and the parties. Waiting for additional guidance from the First Circuit before proceeding would conserve judicial resources and help the parties efficiently litigate this case.

**BACKGROUND**

On February 17, 2026, Plaintiffs filed suit, alleging Secretary's Order 3431 violates the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* in six ways. (Doc. No. 1.) A month later, Plaintiffs filed an Amended Complaint (Doc. No. 28) and a Motion for a 5 U.S.C. § 705 Stay of the Secretary's Order or a Preliminary Injunction (Doc. No. 29). Defendants opposed Plaintiffs' Motion for a Preliminary Injunction and moved to dismiss Plaintiffs' Amended Complaint. (Doc. No. 31.) The Court denied Defendants' Motion to Dismiss on June 4, (Doc. No. 37), and the Court granted Plaintiffs' Motion for a Preliminary Injunction on June 12, (Doc. No. 41.) Defendants promptly filed a notice of appeal of both Orders. (Doc. No. 43.)

1

Three days later, Defendants moved this Court for a stay pending appeal. (Doc. No. 44.) The Court denied that motion. (Doc. No. 51.) Defendants then moved the First Circuit for a stay pending appeal, which the First Circuit granted. (Doc. No. 56.)

On July 10, the Court set a scheduling conference for August 18. (Doc. No. 58.) The Court also directed the parties to submit a schedule outlining the time frames for production of the administrative record, resolving any disputes regarding the contents of the administrative record, and filing dispositive motions. (Doc. No. 57.) Defense counsel subsequently contacted Plaintiffs' counsel about a joint motion to stay this case pending the resolution of the First Circuit appeal. Defense counsel explained that staying this case would be the most efficient path forward because the First Circuit is likely to rule on issues that will affect summary judgment briefing. Plaintiffs' counsel opposes this motion.

**ARGUMENT**

"[F]ederal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992) (collecting cases). A "typical reason" to grant a stay "is the pendency of a related proceeding in another tribunal." *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995). When two proceedings present "overlapping" issues, courts grant stays "[t]o avoid duplication of effort and potentially inconsistent judgments." *Acton Corp. v. Borden, Inc.*, 670 F.2d 377, 382 (1st Cir. 1982). Here the pending First Circuit appeal provides ample reason to stay all deadlines until the First Circuit issues its decision in that appeal.

When granting Defendants' Motion for a Stay Pending Appeal, the First Circuit questioned multiple holdings in this Court's Preliminary Injunction Order that this Court will have to address again before rendering a final judgment. (*See* Doc. No. 56). The First Circuit's holding that

2

Plaintiffs have failed to show irreparable harm casts doubt on whether Plaintiffs have standing at all. *Id.* at 4-6. The Court rejected Plaintiffs' claims of injury based on resource diversion, mission frustration, chilled expression, reputational harm, reduced membership, and reduced participation in their events because Plaintiffs have failed to "show[] how those harms are traceable to the Secretary's Order." *Id.* at 6. The Court held that Plaintiffs lacked an aesthetic injury because only "one member"—Jennifer Goepfert—claimed a specific injury and "no changes have been made to interpretive material at" the parks she has concrete plans to visit. *Id.* at 5 (emphasis in original). Thus, in holding that Plaintiffs failed to show irreparable harm, the First Circuit explained how Plaintiffs failed to show any injury at all from the Secretary's Order. *Id.* at 4-6. If the First Circuit reverses this Court's holdings on standing, that would foreclose this Court from granting a final judgment for Plaintiffs.

In addition to these concerns relevant to standing, the First Circuit noted Defendants' "serious contentions that the plaintiffs are unlikely to prevail on their APA claims." *Id.* at 4. If the First Circuit ultimately holds that Plaintiffs have standing, the First Circuit will likely address the viability of Plaintiffs' claims. That analysis from the First Circuit would affect this Court's analysis when addressing Plaintiffs' claims at summary judgment.

Because the First Circuit's opinion will likely affect this Court's final judgement, staying this case would conserve the parties' resources and judicial resources. If the First Circuit rules that Plaintiffs lack standing, as the First Circuit has already suggested in its Stay Order, the resources expended on compiling and lodging the administrative record, resolving any disputes regarding the contents of the administrative record, briefing summary judgment, and deciding summary judgment would be a waste. At a minimum, waiting for the First Circuit to rule would prevent the parties from briefing summary judgment motions that would need to be re-briefed

3

following the First Circuit's opinion. And waiting would prevent the Court from deciding summary judgment motions that would need to be reconsidered following the First Circuit's opinion. The Court should grant Defendants' motion for a stay of all deadlines pending the First Circuit's decision in the Preliminary Injunction appeal.

**CONCLUSION**

The Court should grant a stay of all deadlines "[t]o avoid duplication of effort and potentially inconsistent judgments." *Acton Corp.*, 670 F.2d at 382. The First Circuit's opinion may dictate the dismissal of this case, obviating the need for further proceedings. At a minimum, the First Circuit is likely to elaborate on Plaintiffs' standing, the merits of Plaintiffs' APA claims, and other relevant issues. Prudence militates in favor of staying this case until the First Circuit rules on the pending appeal of the Court's Preliminary Injunction Order and provides greater guidance to the Court and the parties.

Dated: July 22, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Ian M. Swenson*
Ian M. Swenson
Counsel
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, District of Columbia 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

4
