UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL PARKS CONSERVATION ASSOCIATION, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,

Defendants.

Case No. 26-cv-10877

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL DEADLINES

The Court should deny Defendants' motion to stay all deadlines in this case pending resolution of their appeal of this Court's preliminary injunction. (Doc No. 59). Delaying a final resolution of this case while waiting for Defendants' appeal to wind its way through the courts would prejudice Plaintiffs. Meanwhile, the Court has already denied Defendants' motion to dismiss, and they face no harm at all from producing an administrative record and briefing summary judgment. Accordingly, Defendants are not entitled to a stay of all deadlines in this matter. The Court should deny the motion, and this case should proceed with a schedule for production of the administrative record, any necessary extra-record discovery, and summary judgment briefing—as the Court already ordered (Doc No. 57).

## ARGUMENT

District courts generally have "inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *California v.*

1

*Trump*, No. 25-cv-10810, 2026 WL 1826535, at *7 (D. Mass. June 24, 2026) (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992)). But stays "cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Id.* (quoting *Marquis*, 965 F.2d at 1155). Because Defendants seek a stay, they "bear[] the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Defendants have not met their burden to show that a stay of all deadlines is warranted here. To start, Defendants completely ignore the prejudice to Plaintiffs from a stay. As Plaintiffs have explained—and this Court has recognized—Defendants are expanding implementation of the Secretary's Order, imposing increased harms on Plaintiffs and their members. (Doc No. 28 ¶ 89 (alleging that Park Service "escalated its implementation of the Secretary's Order in January 2026")); *see Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, No. 26-cv-10877, 2026 WL 1706963, at *26 (D. Mass. June 12, 2026) (finding that "Defendants significantly expanded removal efforts in early 2026, increasing both the magnitude of harm and urgency for relief"). With this Court's § 705 stay and preliminary injunction no longer in effect, and the busy summer season for park visitors under way, the harms Plaintiffs already identified will only grow. *See Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, No. 26-cv-10877, 2026 WL 1758422, at *4 (D. Mass. June 18, 2026) ("As millions of visitors arrive at the park sites this summer, the harm arising from the continued deprivation of interpretive materials is compounded."); *see also, e.g.*, *Trump Administration Replaces Slavery Exhibition at Washington's Home in Philadelphia*, NBC News (July 15, 2026), https://perma.cc/WA45-62BN (discussing recent replacement of exhibits at President's House site in Philadelphia). Those harms counsel against a stay and in favor of proceeding promptly to final judgment. The First Circuit's preliminary assessment, in

the early stages of this litigation, that Plaintiffs' injuries do not rise to the level of irreparable harm—as required for a preliminary injunction—does not change that conclusion. *Cf. Nat'l Arbor Day Found. v. U.S. Dep't of Agric.*, No. 26-cv-1732, 2026 WL 2123252, at *2 (D.D.C. July 23, 2026) (denying stay and explaining that regardless of whether "ongoing harms warrant preliminary injunctive relief, they certainly tip the scale in favor of at least addressing [the plaintiff's] motion, especially in the absence of a counterweight").

Defendants, by contrast, face no harm from continuing to litigate this case to final judgment. As courts have recognized, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity," and "[t]his is particularly true of counsel for the United States, the richest, most powerful, and best represented litigant to appear before [the Court]." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019) (second alteration in original) (internal quotation marks and citations omitted). Defendants do not identify any "hardship or inequity" they will suffer absent a stay, and that alone warrants denial of their motion. *See id.* at 20 ("'[I]f there is even a fair possibility that the stay . . . will work damage to some one else,' the movant 'must make out a clear case of hardship or inequity in being required to go forward.'" (alteration and omission in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))).

Instead, Defendants' sole justification for a stay is the pending First Circuit appeal. (Doc No. 60 at 2). But "[t]he general rule for an interlocutory appeal of a preliminary injunction is that it 'does not defeat the power of the trial court to proceed further with the case.'" *California*, 2026 WL 1826535, at *7 (alteration in original) (citation omitted). As the First Circuit has explained, "'the district court is free to carry forward' while an appeal in an earlier phase of the case is pending and, if appropriate, 'order permanent relief after the merits are resolved.'" Order, *D.V.D.*

*v. U.S. Dep't of Homeland Sec.*, No. 25-1393 (1st Cir. Oct. 20, 2025) (quoting *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011)). That is precisely the course Plaintiffs ask this Court to follow. *See, e.g.*, *California*, 2026 WL 1826535, at *7 (finding that equities weighed against a stay and rejecting defendants' request to reserve ruling on summary judgment motions pending their preliminary injunction appeal); Order, *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-10676 (D. Mass. Oct. 27, 2025) (denying defendants' motion to stay proceedings pending appeal). Indeed, that this Court granted Plaintiffs' motion for preliminary relief—notwithstanding the appellate stay of that order based on the First Circuit's analysis of the irreparable harm standard—should not prevent Plaintiffs from building a fuller record and proceeding to judgment on their well-pleaded claims.

Defendants insist that a stay of these proceedings "would conserve the parties' resources and judicial resources." (Doc No. 60 at 3). Even if that were true, Defendants have not shown that they would suffer any hardship to overcome the more than "fair possibility" that a stay would "work damage" to Plaintiffs. *See Landis*, 299 U.S. at 255. And while they claim they seek to avoid two-track litigation, Defendants have not established that proceedings in *this* Court should be paused. In any event, an expeditious ruling on summary judgment—regardless of who prevails—would render the appeal of the preliminary injunction moot.[1]

---

[1] Defendants' claim that their goal is to conserve resources also rings hollow where they could seek to dissolve the now-stayed preliminary injunction, and then Defendants could dismiss their appeal. *See Orr v. Trump*, 178 F.4th 34, 36 (1st Cir. 2026) (dismissing appeal as moot where plaintiffs and defendants agreed that preliminary injunction should be vacated); *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-1393, 2026 WL 1102937, at *1 (1st Cir. Feb. 20, 2026) (terminating appeal and remanding to "allow the district court to dissolve the pending preliminary injunction and continue resolving the other matters presently before it," which would "facilitate more expeditious appellate review and ultimately final resolution of this case"). After this Court issued final judgment, the First Circuit could "review any remaining legal issues . . . without the intermediary screen of the 'likelihood of success' standard that applies to the pending appeal." *D.V.D.*, 2026 WL 1102937, at *1.

Further, Defendants dramatically overstate the import of the First Circuit's preliminary conclusions in a stay posture on a preliminary injunction. *Cf. Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring in grant of applications for stays) (stay order "is not a ruling on the merits"). Contrary to Defendants' suggestion, the First Circuit's order does not "cast[] doubt on whether Plaintiffs have standing." (Doc No. 60 at 3). The court of appeals repeatedly confirmed that its order was focused on the question of *irreparable* harm as a requirement for interim relief. *E.g.*, *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, 180 F.4th 348, 353 (1st Cir. 2026) (question is whether "the plaintiffs likely showed that they would suffer irreparable harm absent the requested preliminary relief"); *id.* at 352. Moreover, Defendants did not contest Plaintiffs' standing in their motion for a stay pending appeal, and the issue was not briefed before the First Circuit. *See generally* Federal Defendants/Appellants' Emergency Motion for Stay Pending Appeal, *Nat'l Parks Conservation Ass'n*, No. 26-1714 (1st Cir. June 18, 2026); *cf Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, No. 1:26-CV-10877-AK, 2026 WL 1601790, at *4–8 (D. Mass. June 4, 2026) (concluding Plaintiffs established standing, after briefing, while denying Defendants' motion to dismiss).

Nor does the First Circuit's remark that Plaintiffs "do not appear to have shown" how certain harms not relied on by this Court in issuing preliminary relief "are traceable to the Secretary's Order," *Nat'l Parks Conservation Ass'n*, 180 F.4th at 353, undermine Plaintiffs' standing to assert their claims. (*Contra* Doc No. 60 at 3). The court of appeals made the comment in the context of analyzing whether Plaintiffs had demonstrated irreparable harm, not in any discussion of standing at all. *Cf. Reading v. N. Hanover Twp.*, 124 F.4th 189, 196 (3d Cir. 2024) ("in preliminary injunction cases, the doctrines [of standing and irreparable harm] often do distinct work"). And even if the First Circuit's analysis affects the standing inquiry, it does so

only based on the preliminary injunction record—not the record as it further develops at the summary judgment stage.[2]

Accordingly, the most efficient path forward is—as this Court already ordered (Doc No. 57)—for the parties to agree on a schedule for production of the administrative record and summary judgment briefing. Since this Court denied their motion to dismiss roughly two months ago, 2026 WL 1601790, Defendants have been on notice that they would be required to produce an administrative record and proceed to summary judgment, (*contra* Doc No. 60 at 3 (arguing it would be "a waste" to require Defendants to compile the administrative record, resolve any disputes as to its contents, and brief summary judgment)). The Court should reject Defendants' attempt to avoid that obligation and to delay final resolution of this case.

## CONCLUSION

Because Defendants have not satisfied their burden to show that a stay of all deadlines is warranted, their motion should be denied.

Date: August 5, 2026                    Respectfully submitted,

                                        */s/ Brooke Menschel*

                                        Brooke Menschel* (NY Bar No. 5004692)
                                        Michael J. Torcello* (DC Bar No. 90014480)
                                        Pablo A. Moraga* (DC Bar No. 90037895)
                                        Steven Y. Bressler* (DC Bar No. 482492)
                                        Robin F. Thurston* (DC Bar No. 1531399)
                                        Mark B. Samburg (Mass. BBO No. 680099)
                                        DEMOCRACY FORWARD FOUNDATION
                                        P.O. Box 34553

---

[2] Defendants also emphasize the First Circuit's passing reference to "the stay motion's serious contentions that the plaintiffs are unlikely to prevail on their APA claims on appeal." *Nat'l Parks Conservation Ass'n*, 180 F.4th at 351. But in the very same sentence, the First Circuit made clear that it was not reaching those arguments. *Id.*

Washington, D.C. 20043
T: (202) 448-9090
F: (202) 796-4426

*Counsel for the Plaintiffs*
*Admitted pro hac vice

7

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Brooke Menschel
Brooke Menschel