**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. 26-cv-10877** |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO PREMATURE JURISDICTIONAL DISCOVERY**

Plaintiffs respectfully request that the Court reject Defendants' extraordinary attempt to pursue discovery into standing in this Administrative Procedure Act ("APA") case at this time. Like every other case brought to challenge arbitrary and capricious administrative action that violates statutory mandates, this case will be decided on the administrative record that the government produces. Defendants' attempt to conduct burdensome discovery into the Plaintiff organizations has no support in the Federal Rules of Civil Procedure or any precedent Defendants have cited or Plaintiffs can find. Instead, Rule 56(d) sets forth a clear framework for justifying the need for discovery once Plaintiffs move for summary judgment, as they are prepared to do after the government produces its administrative record. But discovery under Rule 56(d) is premature, and in any event Defendants have not met the requisite standards for the Court to determine that discovery into the Plaintiff organizations is warranted.

Defendants' discovery requests—which they prematurely served on Plaintiffs, despite the Court's explicit statements at the scheduling conference and afterward that it was still considering whether to allow any such discovery—reveal the effort for what it is: a thinly veiled fishing expedition aimed at punishing those who challenge the administration and delaying the government's own accountability for harms that those organizations, and their members, have suffered. This Court should not permit such an effort, which is not justified by the Federal Rules of Civil Procedure, a single case from anywhere in the country, or the unique circumstances of this case. Instead, it should follow the familiar course of APA litigation by proceeding to summary judgment and requiring Defendants to justify why specific inquiries would be "essential" to defend against Plaintiffs' motion. Jurisdictional discovery at this stage is unwarranted.

## BACKGROUND

In February 2026, acting on behalf of themselves and their members, six organizations dedicated to protecting high-quality interpretative materials at national parks brought this APA case to challenge Secretary of the Interior's Order 3431. (Doc No. 1). As Plaintiffs explained in their Amended Complaint, the Secretary's Order—which mandates the censorship of history and science at national parks across the country—impedes the organizations' missions; necessitates redirection of resources and forgoing business functions; harms the organizations' relationships with their members; results in lost income for the organizations and their members; and inflicts aesthetic, recreational, and informational injuries to the organizations' members. (Doc No. 28 ¶¶ 105–30). Plaintiffs supported those allegations of harm with sworn declarations. (Doc Nos. 29-6 to 29-12). The organizations allege that the Secretary's Order is arbitrary and capricious and that the Order is contrary to, and the Secretary exceeded his authority under, the National Park Service Centennial Act, the National Park Service Organic Act, the National Parks Omnibus Management

Act, the Federal Land Policy Management Act of 1976, and the Paperwork Reduction Act. (Doc No. 28 ¶¶ 131–209).

Following the Court's grant of a preliminary injunction (Doc No. 41), the First Circuit stayed the injunction pending appeal based solely on irreparable harm as a requirement for interim relief. *See Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, 180 F.4th 348, 353–54 (1st Cir. 2026). This Court then ordered that the parties submit a proposed joint schedule outlining deadlines and a process for Defendants to produce the administrative record, resolving disputes regarding the administrative record such as supplementing the record or propounding discovery, and the filing of dispositive motions. (Doc No. 57). After unsuccessful efforts to prepare a joint filing, the parties proposed conflicting schedules. (Doc Nos. 63, 64). Defendants asserted that there should be an open discovery period so they may conduct jurisdictional discovery into Plaintiffs' standing (Doc No. 64), to which Plaintiffs noticed their objection (Doc No. 65). Defendants mailed discovery requests to Plaintiffs before the scheduling conference even occurred. Exhibit 1, Declaration of Brooke Menschel ¶ 2 ("Menschel Decl.").

At the August 18, 2026 scheduling conference, the Court stated that it would issue an order regarding scheduling deadlines and discovery at a later date, following Plaintiffs' submission addressing Defendants' requested discovery. (Doc No. 68 at 15, 19 (stating that the Court had "not formally decided" the issue of fact discovery and instructing parties to "wait for further orders")). Nonetheless, Defendants emailed their purported discovery requests, accompanied by a cover note claiming that "[t]he Court indicated that there is an active period of fact discovery unless and until Plaintiffs win their motion to deny discovery," and demanding that Plaintiffs respond by September 17. Menschel Decl. ¶¶ 3–4; *see* Exhibit 2, Defendants' First Requests for Production; Exhibit 3, Defendants' First Interrogatories. Defendants also claimed that there was a "December

11 deadline for fact discovery," Menschel Decl. ¶ 4, despite the Court's explicit statements to the contrary at the scheduling conference (Doc No. 68 at 15 (clarifying that the December 11 deadline was proposed to give the parties "the opportunity to weigh in" as to "the timelines")). The next day, the Court issued a scheduling order setting forth certain deadlines and stating that "[d]eadlines regarding fact discovery, *if any*, and dispositive motions to be determined following this Court's ruling on Plaintiffs' forthcoming briefing on jurisdictional discovery." (Doc No. 67 (emphasis added)).

Plaintiffs now file this memorandum detailing why Defendants' onerous discovery requests are unjustified.

## ARGUMENT

APA cases are typically decided through summary judgment on review of the administrative record. *See Augat, Inc. v. Tabor*, 719 F. Supp. 1158, 1160 (D. Mass. 1989); *see also North Carolina Fisheries Ass'n, Inc. v. Gutierrez*, 518 F. Supp. 2d 62, 78–79 (D.D.C. 2007) ("Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review."). At the summary judgment stage, courts assess whether plaintiffs' facts offered to establish standing are sufficient as a matter of law. In most cases, though, "the [plaintiffs'] standing to seek review of administrative action is self-evident; no evidence outside the administrative record is necessary for the court to be sure of it." *Sierra Club v. EPA*, 292 F.3d 895, 899–900 (D.C. Cir. 2002). "But even assuming that information in the administrative record does not make [plaintiffs'] standing 'self-evident,'" plaintiffs may satisfy the standing requirements through affidavits. *North Carolina Fisheries*, 518 F. Supp. 2d at 81–82; *see also Sierra Club*, 292 F.3d at 899 (at summary judgment stage, standing should be supported "by

affidavit or other evidence" if not self-evident from the administrative record) (cleaned up). Absent a particular reason to doubt the veracity of the facts that plaintiffs offer to establish standing, courts do not consider these facts contested and do not allow open discovery. *Cf. Ctr. for Biological Diversity v. Regan*, 597 F. Supp. 3d 173, 187–88 (D.D.C. 2022) (explaining that at the summary judgment stage, plaintiffs must "demonstrate[] that there is no genuine dispute of material fact" by "provid[ing] affidavits or other evidence to demonstrate the specific facts necessary to support standing") (cleaned up).

Once plaintiffs put forward their evidence in support of standing as part of summary judgment briefing, the Federal Rules of Civil Procedure set out a mechanism for defendants to attempt to establish that there are factual, rather than legal, questions about plaintiffs' standing and that those questions make it impossible to defend against summary judgment motion without additional "essential" information. *See* Fed. R. Civ. P. 56(d). Even then, though, courts do not grant such requests lightly. *Paterson-Leitch Co. Inc. v. Massachusetts Mun. Wholesale Elect. Co.*, 840 F.2d 985, 988 (1st Cir. 1988).

At the June 18, 2026, scheduling conference, Defendants claimed that Rule 26(d) says "the government can take or can serve discovery . . . at any time without meeting and conferring with the plaintiffs." (Doc No. 68 at 14, 16–17). Nothing in the Federal Rules or any case supports that novel position. Rather than providing a blank check for litigants to conduct discovery on a whim, Rule 26(f)(1) specifically excludes APA cases (and other "action[s] for review on an administrative record") from those where the parties trigger the beginning of discovery by conducting a conference. Fed. R. Civ. P. 26(f)(1) (citing Fed. R. Civ. P. 26(a)(1)(B)). Rule 26(d) merely reiterates the Rule 26(f)(1) exception. This exclusion makes sense: because discovery is

rarely a feature of APA litigation, discovery does not begin automatically but rather only with leave of the Court.

Here, Plaintiffs have not yet put forward their evidence to demonstrate that there is no genuine issue of material fact as to standing, the Court has not had an opportunity to assess whether the administrative record and/or Plaintiffs' evidence establishes standing as a matter of law, Defendants have not even attempted to demonstrate that a factual inquiry is "essential" to defeat Plaintiffs' forthcoming summary judgment motion, and the Court has not granted leave to conduct any discovery. Defendants' requests amount to an improper fishing expedition.[1]

## I. Rule 56(d) provides the appropriate mechanism for Defendants to seek discovery in this APA case

The First Circuit and other courts have recognized limited exceptions to the general rule that APA cases are decided on summary judgment based on the administrative record alone, and that plaintiffs may establish factual basis for their standing by affidavit or declaration. *See supra* at 4–6. Broadly, those exceptions fall into two categories: (1) where the administrative record is incomplete; and (2) where the party opposing summary judgment is unable to effectively respond because they have inadequate information to do so. *Cf. Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 9–10 (D.R.I. 2004) (describing cases where courts allowed supplementation of administrative record and rejecting argument that presence of a constitutional claim necessarily warranted discovery); *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (detailing the "limited circumstances" where a court may allow discovery in an APA case, rejecting reliance on non-administrative review cases to support

[1] If the Court determines that this case is not subject to the ordinary limits on discovery in APA cases and is not constrained by Rule 56(d), any "open" period of discovery where the parties are entitled to serve discovery at will should be reciprocal. If the Court determines an open discovery period is appropriate, Plaintiffs will be prepared to serve discovery shortly after the Court's order.

claim for discovery because such cases are "inapposite," and explaining that "[i]n the administrative law context, courts uniformly have held that discovery typically is not permitted"). The first category is not relevant to Defendants' attempted discovery into Plaintiffs.[2] The second category is governed by Federal Rule of Civil Procedure 56.[3]

Under Rule 56(d), the Court may allow discovery if a party shows, "by affidavit or declaration," that "for specified reasons" it "cannot present facts essential" to defeat summary judgment. Fed. R. Civ. P. 56(d). But requests for discovery under Rule 56(d) are not granted "as a matter of course." *Troiano v. Aetna Life Ins. Co.*, 844 F.3d 35, 45 (1st Cir. 2016) (cleaned up). Instead, discovery is only allowed if a party "genuinely requires additional time to marshal facts essential to justify its opposition" and can meet the "substantial" benchmarks to warrant deviation from the normal course. *Paterson-Leitch*, 840 F.2d at 988 (cleaned up). Among other requirements, to demonstrate a "genuine" need for discovery, the moving party's request must:

> (1) be written and timely, (2) "articulate some plausible basis for the party's belief that specified 'discoverable' material facts likely exist," (3) show "some realistic prospect that the facts can be obtained within a reasonable (additional) time, and will, if obtained, suffice to engender an issue both genuine and material," and (4) "demonstrate good cause for failure to have conducted the discovery earlier."[4]

[2] Such motions are subject to different standards and, per the Court's order (Doc No. 67), are due by September 30, 2026.

[3] This recognized framework is available *if* a defendant establishes that it is necessary to test the factual basis for plaintiffs' standing. It aligns with the general framework for APA litigation, in which discovery is not permitted as a matter of course, and for the subset of cases where it is appropriate, it is only authorized for limited purposes as determined by a court. That structure is consistent with the efficient resolution of APA cases that are reviewed on a limited record, giving plaintiffs an opportunity to establish the factual basis of their standing at summary judgment. To the extent their evidence—affidavits, declarations, or otherwise—requires factual testing, defendants have an opportunity to demonstrate that need without the delay of a protracted period of general civil discovery.

[4] If Defendants seek discovery pursuant to Rule 56(d) in response to Plaintiffs' forthcoming motion for summary judgment, Plaintiffs will not argue that Defendants lacked good cause for not seeking the discovery earlier. Plaintiffs' reserve the right to advance other arguments in opposition.

*Serra v. Quantum Servicing Corp.*, No. CIV.A. 11-11843-DPW, 2012 WL 3548037, at *5 (D. Mass. Aug. 15, 2012), *aff'd*, 747 F.3d 37 (1st Cir. 2014) (quoting *Paterson-Leitch*, 840 F.2d at 988).

But a Rule 56(d) filing is premature before Plaintiffs move for summary judgment. Even if it were appropriate to construe Defendants' "Scheduling Conference Statement" (Doc No. 64) as a Rule 56(d) submission, the government would not have met the Rule's requirements.[5] First, Defendants have not made any formal *request* for leave to seek discovery but rather set forth a general position and then purported to serve discovery before the Court issued its forthcoming order and before Plaintiffs had the opportunity to establish standing through declarations at the summary judgment stage, per the general rule. *See infra* Sec. II. That alone is a sufficient basis to reject Defendants' attempt to seek discovery into the Plaintiff organizations. *See, e.g.*, *Hoffman v. Applicators Sales & Serv., Inc.*, 366 F. Supp. 2d 177, 179 n.1 (D. Me. 2005), *aff'd*, 439 F.3d 9 (1st Cir. 2006) ("Failure to follow the procedural requirements of Rule 56(f) permits the Court to prohibit" the nonmoving party from obtaining the benefits of the rule);[6] *see also Serra*, 2012 WL 3548037, at *5 (rejecting request for discovery where party opposing summary judgment "neither

[5] Even if Defendants ultimately file a Rule 56(d) affidavit in response to Plaintiffs' motion for summary judgment, it is unlikely that they will be able to carry the heavy burden necessary to establish that they are entitled to jurisdictional discovery in this APA challenge. *See, e.g.*, Exhibit 4, Transcript of Discovery Conference at 16, *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, No. 26-cv-696 (D.D.C. Mar. 4, 2026), Dkt. No. 30 ("*Amica* Transcript") ("I don't think it's enough [for the government] to simply say that it's the plaintiffs' burden [to establish standing] and they have submitted substantial declarations and [defendants] just have a right to ask questions about the declarations. . . . Because if that were the case, every APA case . . . would involve extensive jurisdictional discovery."); *see also Montana Env't Info. Ctr. v. Bernhardt*, No. 19-cv-130, 2020 WL 6948999, at *4 (D. Mont. July 29, 2020) (denying motion for leave to conduct jurisdictional discovery in APA case where defendant raised "facial attack on standing" and "no additional factual issues have been raised or considered"), *report and recommendation adopted*, No. 19-cv-130, 2020 WL 6042291 (D. Mont. Oct. 13, 2020).

[6] Rule 56 was revised in 2010. Rule 56(f), the predecessor to 56(d), was identical in relevant respects. *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)").

filed a motion pursuant to Federal Rule of Civil Procedure 56(d) nor submitted affidavits or declarations in support of his claim that he requires more time for discovery").

Likewise, Defendants have not provided a basis to believe that discoverable evidence exists, pointed to evidence that would be outcome determinative, or indeed pointed to any specific evidence that is "essential" to opposing Plaintiffs' forthcoming motion at all. In other words, they have not identified any reason to doubt the factual basis that Plaintiffs will rely upon to assert standing in their summary judgment motion. Instead, they proclaimed, "in an entirely conclusory way," *Paterson-Leitch*, 840 F.2d at 989, that they "will seek discovery into Plaintiffs' standing" without identifying particular sought-after evidence for which there is a genuine need and that is material (Doc No. 64 at 2). "Standing alone and unadorned, such banalities [a]re entirely inadequate to" justify discovery under Rule 56(d). *Paterson-Leitch*, 840 F.2d at 988. These "cryptic allusions fail[] to set out any basis for believing that some discoverable material facts did exist. They [do] not show how the facts sought, if obtained, would help defeat the [forthcoming] motion[] for summary judgment." *See id.*; *cf. Rhode Island Hosp. v. Leavitt*, C.A. No. 06-260ML, 2007 WL 294026, at *2 (D.R.I. Jan. 26, 2007) (striking a request for production of documents in an APA case where the requesting party was "plainly on a fishing expedition" and offered "absolutely no factual support for the existence" of information that would support its litigation position).[7]

[7] Defendants need not comply with Rule 56(d) to argue—as they did at the motion-to-dismiss stage, without any suggestion that jurisdictional discovery was necessary—that any evidence Plaintiffs put forward fails as a matter of law to demonstrate standing. *See Amica* Transcript at 7–8 (explaining that defendants could make legal arguments about sufficiency of declarations without any need for discovery); *cf. Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, 822 F. Supp. 3d 119, 138 (D.D.C. 2026) (noting that government failed to satisfy Rule 56(d) where "most of Defendants' arguments merely posited that, in their view, Plaintiffs' declarations failed to satisfy Plaintiffs' burden on summary judgment of demonstrating that they have standing").

The Rule 56(d) requirements are especially noteworthy where, like here, the litigation falls into a category of cases that are "generally decided on the administrative record without discovery." *Troiano*, 844 F.3d at 45 (cleaned up). In such instances, "the party seeking discovery must provide some very good reason . . . to overcome the strong presumption against discovery." *Id.* (holding that district court did not abuse its discretion in denying discovery in an ERISA administrative review action) (cleaned up). Defendants have not satisfied this "heavy burden." *See id.*

The cases Defendants rely on are equally unavailing. The quoted language from *In re Consol. Salmon Cases* is dicta that arises in the context of the court stating that although discovery into a party's standing is "[o]rdinarily" permitted—without any discussion of the unique considerations present in APA cases—the court would not reach the question in that case because "no such discovery motion is before the court at this time." 688 F. Supp. 2d 1001, 1012 (E.D. Cal. 2010). In *Ctr. for Biological Diversity*, the court confirmed that plaintiffs in APA challenges may establish standing through "evidence contained in the administrative record or submitted along with [a motion for summary judgment]," but "may rely on general factual allegations of injury" to *oppose* summary judgment for lack of standing. 597 F. Supp. 3d at187 (cleaned up); *id.* at 187–207 (relying on declarations accompanying plaintiffs' summary judgment motion).

Finally, Defendants misconstrue *Patient Servs., Inc. v. United States*, 2019 WL 267872, at *11 (E.D. Va. Jan. 18, 2019) as justifying their position. (Doc No. 64 at 2). The plaintiffs there alleged that agency action was contrary to a constitutional right, namely the First Amendment, in violation of the APA. Defendants filed a "Motion for Leave to Take Discovery," specifying the facts they needed to discover to determine whether the plaintiff knowingly waived its First Amendment rights, which would defeat standing. *Patient Servs.*, 2019 WL 267872, at *6–8. In

granting the defendants' motion, the court emphasized that "APA rules regarding discovery differ from those in other federal civil actions" and repeatedly confirmed that APA cases "[n]ormally [i]nvolve[] [n]o [d]iscovery." *Id.* at *9. Under the "atypical" circumstances of that case, though—namely an agreement between the parties and that the claim the government's action was "contrary to constitutional right" in violation of the APA incorporated a First Amendment argument so the court needed to "make an independent assessment of a citizens' claim of constitutional right"—limited discovery was warranted. *Id.* at *10–11 (cleaned up).

Neither the procedural posture nor the substance of *Patient Servs.* resembles this matter. Unlike the *Patient Servs.* defendants, the government here has neither submitted a formal request to the Court for leave to take discovery nor specified what particular, discoverable information it aims to uncover (such as factual evidence that would undermine Plaintiffs' yet-to-be-filed standing assertions) and why it is essential to support its position. And Plaintiffs have not alleged a violation of constitutional rights, and the government has not argued such rights were waived.[8]

The government tried a similar tactic in another APA case earlier this year. In response to the government's demand for jurisdictional discovery there, Judge Moss observed that "[t]he Court cannot recall an occasion in which the government has sought discovery regarding organizational standing in an Administrative Procedure Act ('APA') case like this one." *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, No. 26-cv-696, 2026 WL 662323, at *2 (D.D.C. Mar. 2, 2026); *see also Amica* Transcript at 4 ("I don't think in my 11-plus years on the bench I have ever seen discovery taken by the government on standing in an APA case."); *id.* at 12 ("I don't think I have ever heard of any of my colleagues experiencing that. If it's happened, it's got to be extraordinarily

[8] Even if *Patient Servs.* were on point (it is not), one unreported, out-of-circuit decision where the court emphasized its unusual justification for departing from "administrative procedural norms," *id.* at *9, hardly supports Defendants' remarkable position at odds with the overwhelming practice in APA cases.

unusual and circumstances presumably where there is some reason to doubt the veracity of what the declarant is saying in one of these cases versus we are just curious about this and we want to ask some questions."); *cf. id.* at 4 (defense counsel conceding that he had never taken jurisdictional discovery in an APA case and was not aware of any of his colleagues having done so either); *id.* at 18 (defense counsel failing to cite any case where a court "ever ordered jurisdictional discovery of a[n] organization asserting organizational standing in an APA case"); *id.* at 19 (plaintiffs' counsel explaining that he was not aware of any case—either based on his research or from his own experience at the Department of Justice—where a court had allowed jurisdictional discovery into an organizational plaintiff in an APA case).

The *Amica* court explained that "even if the government identifies some need for discovery, it is free to raise that need in its opposition to the motion for summary judgment," consistent with the requirements of Rule 56(d). *Amica*, 2026 WL 662323, at *2; *see also supra* at 7–8 (describing the requirements of Rule 56(d)). But before the *Amica* defendants "even attempt[ed]" to make that showing, the court would "not assume that this is one of the very rare APA cases in which jurisdictional discovery is warranted." *Amica*, 2026 WL 662323, at *2.

That approach is consistent with the scores of APA cases filed in this District (and others) over the past eighteen months, where courts have assessed whether plaintiffs have established standing as a matter of law, in other words the legal sufficiency of plaintiffs' standing. *See, e.g.*, *New England Synod v. DHS*, No. 25-cv-40102 (D. Mass. July 23, 2026), Dkt. No. 113 at 9–20 (defendants challenged plaintiffs' standing in summary judgment briefing, based on sufficiency of plaintiffs' declarations and without any discovery); *Massachusetts v. Trump*, No. 25-cv-12162 (D. Mass. June 19, 2026), Dkt. No. 108 at 2 (after court denied motion to dismiss—in part based on alleged lack of standing—parties submitted joint report stating they anticipated that "[a]s is typical

in [APA] actions," the APA counts would "be resolved on cross-motions for summary judgment," without any discovery); *California v. U.S. Dep't of Educ.*, No. 25-cv-10548 (D. Mass. June 1, 2026), Dkt. No. 156 at 10–16 (defendants challenged plaintiffs' standing in summary judgment briefing, without any discovery); *New York v. Trump*, No. 25-cv-11221 (D. Mass. Aug. 8, 2025), Dkt. No. 180 at 11–21 (defendants challenged plaintiff's standing in summary judgment briefing, without any discovery). Defendants have not demonstrated that this is the "rare APA case[]," *Amica*, 2026 WL 662323, at *2, where jurisdictional discovery is appropriate, and they have provided no basis to justify departing from the ordinary course.

## II. Defendants' intended discovery is little more than an overbroad fishing expedition[9]

Disregarding well-established precedent that APA cases do not involve discovery, *see generally supra* Sec. I, without leave of this Court, and before the scheduling conference had occurred, Defendants transmitted a purported initial round of discovery requests—twenty-six requests for production and fifteen interrogatories. Defendants have not withdrawn those requests, notwithstanding the Court's statements at the conference and subsequent order making clear that it was *considering* whether to allow jurisdictional discovery. (Doc No. 68 at 15, 19; Doc No. 67). In those requests, the government has "taken a scattershot, I want everything approach" and is seeking "a full panoply of discovery." *See Troiano*, 844 F.3d at 45–46 (quoting district court's statements at a motions hearing) (cleaned up). This approach is precisely what Rule 56(d) framework is designed to avoid.

The exceptionally broad requests belie Defendants' claim that standing discovery would be "targeted." (Doc No. 64 at 3). A small sampling demonstrates both the enormous burden that

[9] Should the Court allow discovery to go forward at this stage, rather than after considering a Rule 56(d) filing, Plaintiffs reserve all rights to lodge specific procedural and substantive objections (which would be extensive) to all or nearly all of Defendants' requests, assuming that the existing requests are not stricken, revised, or withdrawn.

the proposed requests pose to Plaintiffs and that they are not calculated to lead to the type of "essential" evidence that the Federal Rules require to justify discovery in APA cases. For instance, in their Requests for Production, Defendants seek "[a]ll documents related to Plaintiffs' membership from 2020 to the present," "[a]ll documents and communications related to Plaintiffs' members' reputations," "[a]ll documents and communications related to President Trump, the Trump Administration, or any of the Defendants," "[a]ll documents and communications related to the resources Plaintiffs have provided to their members, decisionmakers, and the Public from 2020 to the present," and "[a]ll documents related to Plaintiffs' revenue from 2020 to the present." Defendants' First Requests for Production at 4–5. Likewise, in their Interrogatories, Defendants demand Plaintiffs "[i]dentify all National Park Service resources Plaintiffs use or have used on an item-by-item basis (including but not limited to resources cited in reports Plaintiffs produce), identify the Plaintiff that used the resource, identify when the Plaintiff used the resource, identify how the Plaintiff used the resource, and identify whether that resource or the Plaintiff's use of the resource has been affected by the Secretary's Order." Defendants' First Interrogatories at 6.

The requests are objectionable, and Plaintiffs will object to them if need be. More fundamentally, they reveal that this is precisely the type of impermissible "fishing expedition" courts routinely reject, and which has no place in APA litigation. *See, e.g.*, *Troiano*, 844 F.3d at 40, 45–46 (quoting district court while affirming its denial of discovery in an ERISA case where "discovery was the exception") (cleaned up). They also illustrate that summary judgment briefing, where Defendants are free to argue Plaintiffs' declarations are legally insufficient to demonstrate standing, is the proper course. *See generally supra* Sec. I.

## CONCLUSION

Defendants have launched a fishing expedition designed to delay this litigation and to deter plaintiffs harmed by unlawful conduct from asserting their rights in court. Not only is their effort procedurally improper, the patent overbreadth of the premature discovery requests promises to embroil the parties and the Court in discovery disputes for months. This Court should cut that effort off at the pass and follow the ordinary course for APA litigation by directing the parties to proceed to summary judgment briefing without advance jurisdictional discovery.

Date: August 26, 2026

Respectfully submitted,

*/s/ Brooke Menschel*
Brooke Menschel* (NY Bar No. 5004692)
Michael J. Torcello* (DC Bar No. 90014480)
Pablo A. Moraga* (DC Bar No. 90037895)
Steven Y. Bressler* (DC Bar No. 482492)
Robin F. Thurston* (DC Bar No. 1531399)
Mark B. Samburg (Mass. BBO No. 680099)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
T: (202) 448-9090
F: (202) 796-4426

*Counsel for the Plaintiffs*
*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).

*<u>/s/ Brooke Menschel</u>*
Brooke Menschel