# EXHIBIT 2

Defendants' First Requests for Production

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION; AMERICAN ASSOCIATION FOR STATE AND LOCAL HISTORY; ASSOCIATION OF NATIONAL PARK RANGERS; COALITION TO PROTECT AMERICA'S NATIONAL PARKS; SOCIETY FOR EXPERIENTIAL GRAPHIC DESIGN; UNION OF CONCERNED SCIENTISTS,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; JESSICA BOWRON, in her official capacity as the Official Exercising the Delegated Authority of the Director,<br>*Defendants*. | Civil Action No. 1:26-cv-10877-AK |

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the United States requests that National Parks Conservation Association ("NPCA"), American Association for State and Local History ("AASLH"), Association of National Park Rangers ("ANPR"), Coalition to Protect America's National Parks (the "Coalition"), Society for Experiential Graphic Design ("SEGD"), and Union of Concerned Scientists ("UCS") (together, "Plaintiffs"), respond to the Requests for Production set forth below within 30 days after their receipt and produce the requested documents and information. Documents and information may be produced at the United States Department of Justice, Environment and Natural Resources Division, Natural Resources Section, 150 M Street NE, Washington, D.C. 20002, or as otherwise agreed by the Parties.

## GENERAL INSTRUCTIONS

1. Scope of Discovery. This set of requests for production is directed to the above-named Plaintiffs and covers all information in Plaintiffs' possession, custody, or control, including information in the possession of Plaintiffs' officers, directors, employees, agents, servants, representatives, counsel, consultants, contractors, subcontractors or other persons in possession of information within the possession, custody, or control of NPCA, AASLH, ANPR, the Coalition, SEGD, and UCS. This set of requests for production is also directed at any information that Plaintiffs have the legal authority to obtain upon demand, as well as any information Plaintiffs have a practical ability to obtain.

2. Supplemental Responses. Supplement your responses to these requests for production as and when required by Fed. R. Civ. P. 26(e).

3. Production Format. Produce the documents requested as they are kept in the ordinary course of business, including in the form or forms in which it is ordinarily maintained. A producing Party need not produce the same document or electronically stored information more than once except as provided below regarding drafts of the same document or electronically stored information.

4. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided.

**Definitions**

1. "All" or "any" shall mean "any and all" and shall be all inclusive.

2. "Communication" means the transmittal of information by any means.

3. "Consultant" means any person who has advised Defendant or who has acted as agent on behalf of Defendant, whether or not for consideration.

4. "Contractor" or "subcontractor" means any person who advised Defendant, or who acts or acted as agent for or on behalf of Defendant, whether or not for consideration.

5. "Document" includes (a) any "document" as that term is used in Federal Rule of Civil Procedure 34(a), and (b) any recorded information that is not excluded from discovery pursuant to any Court order or Local Rule. Every draft or non-identical copy of a document is a separate "document" for purposes of these requests.

6. "Person" means the plural as well as the singular, and shall include without limitation individuals, associations, partnerships, and corporations or other forms of legal entity.

7. "Pertain to," "pertaining to," "relate to" or "relating to" means discuss, describe, refer to, reflect, contain, analyze, study, report on, comment on, evidence, comprise, constitute, set forth, consider, recommend, concern, depict, describe, or allude to the subject. These terms do not, however, include mere non-substantive references to the subject.

8. "Plaintiffs" unless otherwise stated herein means NPCA, AASLH, ANPR, the Coalition, SEGD, and UCS, and includes, without limitation, their officers, directors, employees, agents, servants, representatives, counsel, consultants, contractors, subcontractors or other persons in possession of information within the possession, custody, or control of NPCA, AASLH, ANPR, the Coalition, SEGD, and UCS. "You" (and any form thereof, including "your") shall refer to

Plaintiffs, including experts whom the Plaintiffs expect to call as witnesses at trial and attorneys retained by Plaintiffs.

9. Any term not specifically defined herein shall have, as appropriate, the same meaning ascribed to it by the Federal Rules of Civil Procedure and interpreting case law.

## REQUESTS FOR PRODUCTION

1. All documents related to Plaintiffs' missions including, but not limited to, Plaintiffs' charters or other governing or incorporating documents, mission statements, and strategic plans.

2. All documents related to Plaintiffs' allocation of resources from 2020 to the present, including, but not limited to, budgets, documents reflecting staffing, and organizational charts.

3. All documents related to Plaintiffs' membership from 2020 to the present, including, but not limited to, all spreadsheets, documents and other lists that demonstrate or explain total membership.

4. All documents and communications related to third-party sources of funding for this litigation.

5. All documents related to Plaintiffs' membership development efforts from 2020 to the present.

6. All documents related to Plaintiffs' revenue from 2020 to the present, including, but not limited to, all balance sheets and other accounting documents and communications that reflect the financial status of each Plaintiff.

7. All documents related to attendance at events hosted by Plaintiffs from 2020 to the present.

8. All documents and communications related to any expenditure or donation to any federal or state political candidate or committee, including, but not limited to, the two $12,500 donations made by UCS to the Philadelphia 2016 Host Committee.

9. All documents and communications related to Plaintiffs' members' concerns about changes to interpretive materials on federal properties.

10. All documents and communications related to mitigating any harm alleged in this litigation to Plaintiffs' members.

11. All documents and communications related to Plaintiffs' fear of political backlash.

12. All documents and communications related to Executive Order 14253.

13. All documents and communications related to Secretary's Order 3431.

14. All documents and communications related to President Trump, the Trump Administration, or any of the Defendants.

15. All documents and communications related to changes to interpretive material on federal properties, including related to Plaintiffs' members' concerns.

16. All documents and communications related to Plaintiffs' past and present use of interpretative material on or from federal properties.

17. All documents and communications related to Plaintiffs' past and present collaborations with Defendants.

18. All documents and communications related to the resources Plaintiffs have provided to their members, decisionmakers, and the Public from 2020 to the present including, but not limited to, all resources that assist their members in enjoyment of any public space at issue in the present litigation and all resources that use or incorporate NPS interpretive material.

19. All documents and communications related to Plaintiffs' membership development efforts.

20. All documents and communications related to Plaintiffs' reconsidering program offerings.

21. All documents and communications related to Plaintiffs' revising program offerings.

22. All documents and communications related to Plaintiffs' ethical standards.

23. All documents and communications related to Plaintiffs' members' lost income.

24. All documents and communications related to Plaintiffs' members' chilled expression.

25. All documents and communications related to Plaintiffs' members' reputations.

26. All documents and communications listed in any answer to or otherwise related to any Interrogatory served on the producing Party.

Dated: August 14, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Ian M. Swenson*
Ian M. Swenson
Counsel
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, District of Columbia 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Symone Hetzel, certify that on August 14, 2026, I sent the attached **DEFENDANTS' FIRST REQUESTS FOR PRODUCTION** via U.S. Mail Overnight to the following address:

Brooke Menschel
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043