# EXHIBIT 3

Defendants' First Interrogatories

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

NATIONAL PARKS CONSERVATION ASSOCIATION; AMERICAN ASSOCIATION FOR STATE AND LOCAL HISTORY; ASSOCIATION OF NATIONAL PARK RANGERS; COALITION TO PROTECT AMERICA'S NATIONAL PARKS; SOCIETY FOR EXPERIENTIAL GRAPHIC DESIGN; UNION OF CONCERNED SCIENTISTS,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his official capacity as Secretary of the Interior; NATIONAL PARK SERVICE; JESSICA BOWRON, in her official capacity as the Official Exercising the Delegated Authority of the Director,

*Defendants*.

Civil Action No. 1:26-cv-10877-AK

**DEFENDANTS' FIRST INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the United States requests that National Parks Conservation Association ("NPCA"), American Association for State and Local History ("AASLH"), Association of National Park Rangers ("ANPR"), Coalition to Protect America's National Parks (the "Coalition"), Society for Experiential Graphic Design ("SEGD"), and Union of Concerned Scientists ("UCS") (together, "Plaintiffs"), respond to the Interrogatories set forth below in accordance with the Federal Rules of Civil Procedure and the instructions and definitions set forth below.

**GENERAL INSTRUCTIONS**

**1.** Deadline for Response. Provide your written response within 30 days of the date of the service of this request. If you are producing documents in lieu of answering any interrogatory

and will not complete your document production at the same time as providing the written response, provide a schedule for your productions as part of your written response that complies with the Court's orders and agreements between the Parties.

2. Scope of Discovery (Location and Custody of Documents and Information). This set of interrogatories is directed to the above-named Plaintiffs and covers all information available to Plaintiffs as well as its officers, employees, agents, servants, and representatives unless privileged. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such information, that material need not be provided.

3. Supplemental Responses. These interrogatories are continuing in character. Supplement your responses to these interrogatories as and when required by Fed. R. Civ. P. 26(e).

4. Estimates. If you cannot provide a precise figure or date in response to an interrogatory calling for numerical or chronological information, provide your best estimate of such information. If you are providing an estimate rather than a precise figure or date, identify the answer as an estimate and identify the information you rely on in making the estimate.

5. Partial responses. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

8. Vague or Burdensome. It is not always possible to determine in advance which Interrogatory might truly be burdensome. If you find an Interrogatory vague or burdensome, please contact counsel for the United States to discuss or clarify the Interrogatory.

9. Option to produce business records. If the responding party elects to specify and produce business records in answering any interrogatory, the specification shall be in sufficient detail to permit the interrogating Party to locate and identify, as readily as the responding Party can, the business records from which the answer may be ascertained.

**Definitions**

1. "All" or "any" shall mean "any and all" and shall be all inclusive.

2. "Communication" means any transmittal of information by any means.

3. "Consultant" means any person who has advised Defendant or who has acted as agent on behalf of Defendant, whether or not for consideration.

4. "Contractor" or "subcontractor" means any person who advised Defendant, or who acts or acted as agent for or on behalf of Defendant, whether or not for consideration.

5. "Document" includes (a) any "document" as that term is used in Federal Rule of Civil Procedure 34(a), and (b) any recorded information that is not excluded from discovery pursuant to any Court order or Local Rule. Every draft or non-identical copy of a document is a separate "document" for purposes of these requests.

6. "Executive Order" shall refer to Executive Order 14253.

7. "Identify" or "Identification"

   a. When used with respect to an individual, means to state such individual's name, address, telephone number, occupation or profession, job title, and the name, address and telephone number of such individual's employer.

   b. When used with respect to an organization (e.g. a corporation, partnership, or association), means to state the name of the organization, type of such

organization; and the address, and telephone number of its principal place of business.

c. When used with respect to a document, means to provide the Bates number of the document if it has been produced to the United States in this litigation; to state the nature of the document, the date such document was signed, prepared, sent and/or received, the identities of the sender and recipient(s) or addressees, and the present location and custodian of such document; or to produce a legible copy of the document you are asked to identify, indicating the Interrogatory to which the document is responsive

8. "Person" means the plural as well as the singular, and shall include without limitation, individuals, associations, partnerships, and corporations or other form of legal entity.

9. "Pertain to," "pertaining to," "relate to" or "relating to" means discuss, describe, refer to, reflect, contain, analyze, study, report on, comment on, evidence, comprise, constitute, set forth, consider, recommend, concern, depict, describe, or allude to the subject. These terms do not, however, include mere non-substantive references to the subject.

10. "Plaintiffs" unless otherwise stated herein means NPCA, AASLH, ANPR, the Coalition, SEGD, and UCS, and includes, without limitation, their officers, directors, employees, agents, servants, representatives, counsel, consultants, contractors, subcontractors or other persons in possession of information within the possession, custody, or control of NPCA, AASLH, ANPR, the Coalition, SEGD, and UCS.

11. "Secretary's Order" shall refer to the Department of the Interior Secretary's Order 3431.

12. "You" (and any form thereof, including "your") shall refer to Plaintiffs, including experts whom the Plaintiffs expects to call as witnesses at trial and attorneys retained by Plaintiffs.

13. Any term not specifically defined herein shall have, as appropriate, the same meaning ascribed to it by the Federal Rules of Civil Procedure and interpreting case law.

**INTERROGATORIES**

1. Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings and state the subject matter of the personal knowledge possessed by each such person.

2. On a Plaintiff-by-Plaintiff basis, identify all persons each Plaintiff intends to utilize as a declarant or otherwise as a witness for their motion for summary judgment.

3. Identify each and every change to interpretive material made under the Secretary's Order that Plaintiffs claim has harmed them, explain the manner in which Plaintiffs claim they have been harmed, identify the person who visited the relevant NPS site and encountered the relevant interpretive material, and provide the date that person visited the relevant NPS site and encountered the relevant interpretive material.

4. Identify each and every change to interpretive material made under the Secretary's Order that Plaintiffs do not claim has harmed them and explain why Plaintiffs have not been harmed.

5. On a Plaintiff-by-Plaintiff basis, itemize and show how Plaintiffs calculate resources diverted to matters related to the Secretary's Order and state the basis for those calculations.

6. On a Plaintiff-by-Plaintiff basis, state the basis for Plaintiffs' claim that the Secretary's Order has harmed their reputations.

7. On a Plaintiff-by-Plaintiff basis, itemize and show how Plaintiffs calculate any decrease in revenue due to the Secretary's Order and state the basis for those calculations.

8. Calculate and itemize each and every Plaintiff's monthly revenue since 2020 and state the basis for those calculations.

9. Calculate each and every Plaintiffs' monthly membership since 2020 and state the basis for those calculations.

10. Identify each and every member of a Plaintiff organization that has left the organization or distanced himself from the organization due to the Secretary's Order, and state the basis for Plaintiffs' claim that the member's actions were caused by the Secretary's Order.

11. On a Plaintiff-by-Plaintiff basis, itemize and show how Plaintiffs calculate any decrease in attendance at events hosted by Plaintiffs due to the Secretary's Order and state the basis for those calculations.

12. Identify each member of a Plaintiff organization that has contacted a Plaintiff about the Secretary's Order and provide the communication.

13. Identify all collaborations between any of the Plaintiffs and any of the Defendants that Plaintiffs claim have been affected by the Secretary's Order.

14. Describe all advocacy activity Plaintiffs have performed in opposition to the Secretary's Order, including but, not limited to, all lobbying activity conducted and all public statements Plaintiffs have made.

15. Identify all National Park Service resources Plaintiffs use or have used on an item-by-item basis (including but not limited to resources cited in reports Plaintiffs produce), identify the Plaintiff that used the resource, identify when the Plaintiff used the resource, identify how the Plaintiff used the resource, and identify whether that resource or the Plaintiff's use of the resource has been affected by the Secretary's Order.

Dated: August 14, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Ian M. Swenson*
Ian M. Swenson
Counsel
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, District of Columbia 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Symone Hetzel, certify that on August 14, 2026, I sent the attached **DEFENDANTS' FIRST SET OF INTERROGATORIES** via U.S. Mail Overnight to the following address:

Brooke Menschel
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043